MOSS vs. CRAFT, ET AL.

1. A bill for an injunction releases all errors in the proceedings at law sought to be enjoined.

2. An execution on a judgment against a principal and surety, levied on property of the principal, which cannot be sold for want of bidders, may still be levied on the property of the surety.

3. Although the constable by failing to sell such property becomes liable, yet the surety is not discharged.
*Que.*—In such case, would the constable be liable to the surety ?

## APPEAL from Jefferson Circuit Court.

KING, *for Appellant, insists:*

1. The Circuit Court erred in dissolving the injunction, because of the insufficiency of said constable Brown's return in the service and return of the summons against Moss and Shipton, when issued by Wilson, justice of the peace, as to appellant; the Circuit Court, by its decree, should have perpetuated the injunction, because of its insufficiency of the constable's return.   See the 1st vol. of Mo. Rep., (republication) Charless vs. Marney, 382, 383.

2. The Circuit Court erred in not perpetuating the injunction so far as Moss, the appellant, was concerned, because the judgment by the justice against the appellant was not only erroneous and therefore voidable, but because Moss, the appellant, had no notice of the proceedings against him before Wilson, the justice of the peace.   The judgment against him, for this cause, was absolutely void, and cannot be enforced, either in law or equity, as a judgment.   As to this point, see the case of Perryman, *et al.* vs. the State, to the use of Relfe, adm'r, &c., 8 vol. Mo. R., p. 209.

3. The Circuit Court erred in not perpetuating the injunction, so far as Moss, the appellant, was concerned, because there had been several levies of the execution against Shipton on his property by the constable, William H. Hensley, one of the defendants to the appellant's bill; and when property sufficient to satisfy an execution is levied on, it is a satisfaction of the judgment.   3 Mo. R., (republication) Blair vs. Caldwell, p. 249 and 250; 12 Johns., 207; 1 Sal., p. 323; 2 Tidd, p. 936; 2 Bacon, p. 72.   And as Moss, the appellant, was but the security of Shipton, and those executions alone against Shipton, and his property levied upon, this rule applies with full force in this case, and forever exempts Moss, the appellant.

4. The Circuit Court erred in not perpetuating the injunction, so far as Moss, the appellant, was concerned, because of said Craft and Hensley's neglect to make the judgment and costs out of the property of said Shipton, and said Hensley failing to return said execution, and thereby rendering himself and his securities in his official bond liable, if any one is, to said Craft, the appellee.

COLE, *for Appellee.*

The first point made by Moss is, that he had no notice of the suit before the justice.

This fact is disproved by the docket of the justice and the return of the constable. But were it otherwise, his remedy was at law, not in equity. A person who asks equity must do equity.— Tho's Moss owed the debt; this is not denied; and he should have shown himself ready and willing to pay, which is not the case. Again, the granting of the injunction in this case was a release of all errors in the suit at law. Stat. of Mo., 580, sec. 10, Chotean vs. Douchouquette; 1 Mo. R., 715.

As to the second point, a fraudulent combination to defraud and cheat Moss, it is wholly unsupported by evidence, and flatly denied by the answer of Josiah Craft, adm'r. It is true that the executions were levied perhaps more than once, and the property levied upon was suffered to remain by the constable with Shipton or Moss, and not sold for want of bidders, yet such levy did not discharge Moss and Shipton, nor either of them, from the debt. The property remaining in their custody, and not in the custody of the law, could not extinguish their liability, and turn Craft over to the constable as his only remedy. This would be as little consistent with law as justice. Upon the whole, Moss's complaint appears to have little merit, and according to my limited understanding of the case, the judgment of the Circuit Court is right and ought to be affirmed.

McBRIDE, J., *delivered the opinion of the Court.*

Thomas Moss filed in the Jefferson Circuit Court his bill in chancery making Craft and Hensley defendants, and praying an injunction to restrain the collection of a judgment obtained before a justice of the peace in favor of Craft against him. The bill charges that at a sale of the effects of Jesse Watkins, deceased, by Josiah Craft, as administrator of said estate, one Jesse Shipton purchased property to the amount of $41 33, for which he executed his note, payable twelve months after the date thereof, with the complainant, Moss, as his security. That after the falling due of the note, Craft commenced suit to recover the amount due before a justice of the peace in said county. That judgment was had against the principal and security by default, and execution was issued on said judgment against the principal alone. That the execution was placed in the hands of the then constable of the township in which the defendant, Shipton, resided, who levied the same on Shipton's property; but did not sell the same for the want of bidders. That after several renewals of the execution and failures to sell the property levied upon, which was ample to pay the debt, Shipton removed to St. Louis

county, taking the property with him, and there died insolvent. After the removal of Shipton, the plaintiff, Craft, caused an execution to issue on the judgment of the justice against the complainant, Moss, and the same having come into the hands of Hensley, the present constable, he levied the same upon the property of the complainant.

The bill further charges an omission on the part of the first constable to make the money out of Shipton, when the same might readily have been made. That as the constable had made himself liable to Craft, that therefore he, the complainant, is released from his liability on said judgment. That the judgment was obtained against him, Moss, without any service of process or any notice whatever, and is therefore irregular and void as against him. That there was a fraudulent combination between the plaintiff, the defendant, Shipton, and the constable, to wrong and to injure the complainant.

The court granted the injunction prayed for. The defendant, Hensley, failed to answer the bill, and a decree *nisi* was made against him.— The defendant, Craft, answers, admitting the fact that he obtained a judgment before a justice of the peace against the complainant and Jesse Shipton, as charged in the bill; that several executions were issued on said judgment, and property of Shipton was levied upon sufficient to pay the debt, provided it would have sold, but that the same was not sold for the want of buyers, and was permitted by the constable to remain in the possession of the defendant. That the defendant, Shipton, removed to St. Louis, without having paid any part of the judgment, and then he ordered execution against the complainant. That the complainant had notice of the institution of the suit, and that the judgment was legal and regular; denies that he combined or confederated with any one, but asserts that he used all legal and proper means within his power to make his debt out of the defendant, Shipton, prior to his removal out of the jurisdiction of the justice of the peace.

Upon the hearing, the complainant offered evidence going to prove that Shipton lived in Hillsboro', in the county of Jefferson, in the years 1842–3; that Craft came to Hillsboro' at the request of Hensley, the constable, to attend the sale of Shipton's property, but found no advertisements nor constable; that Shipton had some town lots in Hillsboro', a wagon and two or three horses, some cattle, and household and kitchen furniture. That Shipton, about one year after the proposed sale, moved to St. Louis, having sold his house and lot, wagon and horses, prior to his removal; that he is now dead, and his estate insolvent. Hensley, the constable, is living in Jefferson county, has property, and is a good liver.

The note sued on was given for a horse purchased by Shipton at the administrator's sale, and Moss was his security. The complainant also introduced in evidence a copy of the judgment rendered by the justice, as also a transcript showing the date of the several executions, their levies, &c. The return of the constable on the original summons, which was issued by the justice of the peace in favor of Craft against Shipton and Moss, is in the following words: " Executed the within by reading, on the 18th day of July, 1842, and acknowledged the service;" signed H. G. Brown.

The defendant offered no evidence. The court dissolved the injunction, and dismissed the bill; whereupon the complainant appealed to this Court.

It is assigned for error that the court did not perpetuate the injunction because of the insufficiency of the constable's return on the summons, and reference is made to the case of Charless vs. Marney, 1 Mo. Rep., 382–3, which we think has no analogy to the case under consideration. In that case, the sufficiency of the constable's return was a question directly at issue and before the court having a revisory power. Not so in the case now before us, for no such relation exists between a justice's court and a court of chancery; besides, the filing of a bill operates a release of all errors at law, and puts the party asking the aid of a court of chancery upon the equity of his case.

It is next contended, that inasmuch as the constable has laid himself liable to Craft for failing to make the debt out of the property of Shipton, upon which he had levied the execution, therefore Moss is discharged. If the constable be liable to Craft in consequence of his neglect of duty, as charged in the bill, no reason can be perceived why he may not be held accountable to Moss, provided he is compelled to pay the debt of Shipton in consequence of the improper conduct of the constable. It does not necessarily result that when the constable, by his misfeasance in office, renders himself liable to a plaintiff in an execution, that therefore the defendant is discharged. He may waive a remedy more difficult, and pursue another more easy of accomplishment. It is next urged, that a levy having been made by the constable upon the property of Shipton sufficient to satisfy the debt, therefore the judgment is satisfied and Moss discharged. This point might possess some weight in an action by Craft against the constable, but we think is entitled to but little consideration when the return of the officer, upon which the levy is established, shows that the property was not sold for the want of bidders. Thus, the presumption of satisfaction which the law raises, is repelled by the fact that the property was not sold.

Wherefore, we are of opinion that the Circuit Court did not err in dissolving the injunction and dismissing the bill; and the other members of the Court concurring in affirming the decree, the same is affirmed.