*Williams* vs. *Boyce.* ·

WILLIAMS vs. BOYCE.

*54 - 65*
*19 - 177*
*60 - 526*

1. The levy of an execution upon property sufficient to satisfy the execution, its release and return of the proper'y to the defendant upon an agreement with the plaintiff, is not *per se* a satisfaction of the execution or judgment.

2. A, having purchased land of B, and given his notes for the payment of the purchase money, fails to pay, and B obtains judgment on one of the notes before a justice of the peace.— An execution is levied by the constable on property sufficient to satisfy the judgment.— By an agreement between A and B, original contract is to be cancelled—A to give up the land to B to release the property, enter satisfaction of the judgment and give up the notes. B releases the property levied on, and offers to comply with his contract, but A refuses to give up the land. Another execution is issued by the justice of the peace and returned *nulla bona.* An execution then issued by the clerk of the Circuit Court and levied on the land of A, will not be quashed on motion setting out the foregoing facts.

*Williams* vs. *Boyce.*

## ERROR to Pike Circuit Court.

BROADHEAD, *for Plaintiffs.*

I. The judgment against the plaintiffs had been satisfied before the issuing of the last execution from the justice's court, for two reasons:—

1. Where goods sufficient to discharge the judgment are seized on a *fieri facias*, the debtor is discharged. 4 Mass. R., 402; 6 do., 58; 16 do., 63; 4 Burrows R., 2482; 3 Mo. R., 249; 9 Mo. R., 24; 12 John. R., 207; 7 do. 428; 2 Lord Ray., 1072.

2. The agreement to rescind the original contract for the sale of the land was a virtual satisfaction of the execution, and the plaintiff's remedy was on the new contract. 4 Burrows, 2482.

II. A *fieri facias* against the lands and tenements cannot issue on a transcript of a judgment rendered before a justice of the peace, when there is sufficient personal property within the control of the constable, belonging to defendants in the execution, to satisfy the same. R. C. 1845, p. 659, sec. 18.

PORTER, *for Defendant.*

McBRIDE, J., *delivered the opinion of the Court.*

Boyce sold to the Williams' a tract of land for the sum of $1200, payable in four equal instalments, and gave them his bond for a title, to be made on the payment of the purchase money, and they gave him their notes for the consideration. Williams went into possession under the purchase, and after making a payment, suffered suit to be instituted for a balance due on one of the notes, and judgment was rendered thereon by a justice of the peace for about $140. Execution was issued upon this judgment, and property of the defendant, sufficient to satisfy the same, was levied upon by the constable; but before day of sale, the parties agreed to rescind the contract, on the condition that if Williams would return the possession, the plaintiff would give him up his notes and release the judgment. Under this agreement, the property levied upon was restored to Williams, and the execution returned to the justice's office. Afterwards, Boyce sold his interest in the land and the judgment against Williams to one Bacon, who demanded possession of the land from Williams, offering to have the judgment satisfied on the condition that he would give possession, but Williams refused to give possession. Bacon then issued execution on the judgment, and placed the same in the hands of the constable, who subsequently returned it *nulla bona.*— Then a transcript of the justices' docket was obtained and filed in the clerk's office, upon which an execution was issued by the clerk, which

was placed in the hands of the sheriff, who levied the same upon the real estate of Williams, who thereupon filed his motion to quash the execution, for the following reasons:

1. Because the judgment upon which said execution was issued had been paid off and discharged before the issuing of said execution.

2. Because the execution issued upon the transcript of a judgment rendered by a justice of the peace, without any execution having been issued by said justice and legally returned.

3. Because the execution was issued without any order, direction or authority on the part of said plaintiff.

4. Because said execution was issued without authority of law.

5. Because said execution is illegal and defective.

The Circuit Court refused to quash the execution—the defendant excepted, and has brought the case here by writ of error.

Two grounds are relied upon here to reverse the judgment of the Circuit Court.

1. The judgment had been satisfied before the emanation of the second execution from the justice's office.

2. A *fieri facias* cannot issue against the realty when there is sufficient personalty to satisfy the same.

The levy of an execution by an officer upon property sufficient to satisfy the same, which is afterwards released and restored to the defendant, under an agreement between the plaintiff and the defendant, is not *per se* a satisfaction of the execution or judgment.

In the determination of motions of this character, the court should look into all the circumstances, and if it be found, upon investigation, that the party complaining is in any wise in default, the court should refuse the motion. The facts of this case fully justify the court in overruling the defendant's motion; for, although there was an agreement between the parties to cancel the contract, and a willingness evinced on the part of the plaintiff to carry that agreement into effect, yet the defendant refused to restore the possession of the land, thereby defeating the consummation of the agreement. With what propriety, then, can he invoke the aid of the court to relieve him from the dilemma into which he has brought himself?

The return of *nulla bona* made by the constable on the execution, is conclusive to authorize the issuing of an execution from the clerk's office on the justice's transcript. What real injury can a defendant sustain, even should the return of the constable be false, by the issuing of an execution from the clerk's office ? He has the right, under the stat-

ute to protect his real estate from execution, by surrendering sufficient goods and chattels to pay the debt.

For the foregoing reasons, the judgment of the Circuit Court ought to be affirmed, and the other judges concurring, the same is affirmed.