BLACKBURN, Respondent, v. JACKSON *et al.*, Appellants.

1. A verbal acknowledgment or promise is insufficient to take a case out of the operation of the statute of limitations. (R. C. 1845, p. 720, § 13; R. C. 1855, p. 1052, § 12.)
2. In a suit on a judgment of a sister state the record showed that the writ of summons was returned "executed in full;" *held*, that there was *prima facie* evidence of jurisdiction of the person.
3. A formal levy of an execution alone, where the property levied upon is returned to the defendant, operates no extinguishment of a judgment.

*Appeal from Lawrence Circuit Court.*

This was an action commenced in April, 1851, against Alvah Jackson and John Spillman on two promissory notes dated January 1, 1840—one for $44, the other for $44.65—both payable one day after date. The plaintiff by an amend-

ed petition introduced another cause of action—a judgment rendered in the circuit court of Allen county, Kentucky, in May, 1839, for $253.93. This was a judgment by default, and was against William Coleman, Alvah Jackson and John Spillman. The return of the writ of summons in this case was thus: " Executed in full, May 3, 1839. [Signed] J. Thomas, D. S., for R. H. Paris, S. A. C." There was no appearance of either of the defendants. An execution was issued upon this judgment and levied upon certain real estate of Coleman and Spillman, and certain personal property belonging to Spillman. The real estate was sold, but the personal property was returned "not sold for want of time." A *venditione exponas* was issued, of which the following return was made : " The property levied on was given up to the defendants and returned from this levy by order of the plaintiff. October 31, 1839."

In the present suit, Alvah Jackson being a non-resident, there was publication as to him. Spillman having died, his administrator became a party to the suit. He pleaded *nul tiel record* as to the judgment sued on, and also that the release of the property levied upon in Kentucky operated a satisfaction of the judgment ; also the statute of limitations as to the notes sued on. At the trial evidence was introduced in behalf of plaintiff to the effect that Spillman had agreed verbally with an agent of plaintiff in 1850 that if he (the agent) would wait and forbear to sue until he, Spillman, could go to Arkansas and see Jackson and return home, then he would pay the notes ; that he did so wait and forbear to sue.

The court found for plaintiff and rendered judgment on the notes and on the judgment.

*F. P. Wright*, for appellants.

I. A levy on sufficient personal property to satisfy a judgment, though the execution be returned unsatisfied by direction of the plaintiff, extinguishes the judgment. (Jackson v. Bowen, 7 Cow. 13 ; Blair v. Caldwell, 3 Mo. 249 ; 4 Cowen, 417 ; Clark v. Withers, 1 Salk. 323.)

II. The court erred in permitting the record of the Kentucky judgment to be read. The return made is not even *prima facie* evidence of personal notice.

II. The court erred in permitting the parol promise of Spillman to be given in evidence. (R. C. 1855, p. 1052, sec. 12.)

*Gardenhire*, for respondent.

I. No exceptions were properly saved to the admission of evidence. The facts found warrant the judgment.

NAPTON, Judge, delivered the opinion of the court.

The statute of limitations having been pleaded, it was error in the court to permit the verbal promise of Spillman to take the case out of the statute. Our law requires such promises, in order to be available, to be in writing. (R. C. 1845, p. 720, sec. 13.)

In relation to the Kentucky judgment, it is objected that the service of the writ of summons was insufficient, and that there is therefore no record of a judgment which can be enforced here. The return is " executed in full." The record contains this further statement: " This day came the plaintiff by his attorney, and the defendants *being duly summoned* and not appearing," &c. In the case of Wilson v. Jackson, 10 Mo. 331, such a return was held *prima facie* evidence of service where it was made upon a *capias* in Virginia. That the Kentucky court considered the return evidence of service is manifest from the record which recites, as a foundation of the judgment by default, that the defendants were duly summoned. In this case there is no plea that the party was not served with the writ, nor any evidence submitted tending to establish such a defence. The objection therefore to the form of the return was we think properly disregarded by the circuit court.

We do not consider the levy made upon Spillman's property as an extinguishment of the judgment. The property was returned to the defendant by the plaintiff's order, as it

appears from the sheriff's return, and such a levy as this is no satisfaction. No injury is sustained by the defendant, and it is not understood to be the law that a formal levy alone extinguishes a judgment. (Moss v. Craft, 10 Mo. 721; Williams v. Boyce, 11 Mo. 537.)

The judgment will be reversed and the cause remanded; the other judges concurring.