Eager v. Stover.

————o————

JAMES EAGER, Defendant in Error, *vs.* GEORGE H. STOVER, Plaintiff in Error.

1. *Judgment—Suit on transcript—Jurisdiction, want of, may be shown, notwithstanding recitals of transcript.*—In suit on transcript of a judgment rendered in another State, defendant may show that the appearance of his attorney in the original suit was unauthorized and fraudulent, notwithstanding that the jurisdiction of the court over him appeared affirmatively from the record.

Want of jurisdiction, it is now held, may be shown either as to the subject mat-
ter or the person, or, in proceedings *in rem*, as to the thing, although the
record may recite facts necessary to give the court jurisdiction. (Marx vs.
Fore, 51 Mo., 69.)

*Appeal from the Morgan Circuit Court.*

*Ewing & Smith,* for Plaintiff in Error, relied on Marx vs.
Fore, 51 Mo., 69.

NAPTON, Judge, delivered the opinion of the court.

This action was upon a judgment rendered in 1853 by the
Court of Common Pleas of Centre County in the State of
Pennsylvania. against the defendant, Stover and his partner
in business, Zellers. The judgment was subsequently re-
vived against Stover in 1869, after the removal of Stover to
this State. The original judgment was upon confession en-
tered by the attorney of the defendants.

The defense proposed in this suit here was, that the de-
fendant, Stover, never authorized the attorney in Pennsyl-
vania to appear for him, or to confess judgment against him,
and that such entry and confession were fraudulent.

Upon the trial, evidence was offered to support the plea,
but the court instructed the jury to exclude from their con-
sideration this evidence, in which defendant stated that said
attorney, without authority, entered an appearance for him
and confessed judgment.

A judgment was rendered for plaintiff, and the only ques-
tion here is, whether the record of the judgment in Pennsyl-
vania was conclusive as to the jurisdiction of the Pennsylva-
nia Court, it appearing affirmatively from the record that the
court had jurisdiction. This question has been recently de-
cided by the Supreme Court of the United States in the case
of Thompson vs. Whitman, (18 Wall., 457,) and as it mainly
depends on the construction of that provision of the constitu-
tion of the United States which declares, that full faith and
credit shall be given in each State to the judicial proceedings
of every other State, the decision of that court may be re-
garded as an authoritative settlement of the question. The

opinion also, is in accordance with the latest adjudication of the question here by this court in the case of Marx vs. Fore, 51 Mo., 69.

Want of jurisdiction, it is now held, may be shown either as to the subject matter or the person, or, in the proceedings *in rem*, as to the thing, although the record may recite facts necessary to give the court jurisdiction. Upon the jurisdictional question, the record may be contradicted.

This judgment must therefore be reversed, as the Circuit Court held that the recitals in the record of the defendant's appearance were conclusive, and the jury was directed to disregard the evidence on this subject.

Judgment reversed and case remanded; the other judges concur except Judge Vories, who is absent.