THE STATE *ex rel.* COLVIN v. SIX *et al., Appellants.*

1. **Justices' Courts**: CHANGE OF VENUE: JUDGMENT. A judgment entered by a justice of the peace after a change of venue has been applied for, in due form, is erroneous, but cannot be treated as a nullity in a collateral proceeding.

2. **Execution**: REPLEVIN OF PROPERTY LEVIED ON: SECOND EXECUTION. An execution was levied on personal property of the defendant sufficient to satisfy it. Before sale the property was taken out of the hands of the officer by replevin at the suit of a person who claimed it by purchase from the defendant after the levy. Thereupon a second execution was issued and a levy and sale were made thereunder. In an action against the officer making them; *Held,* that such a purchaser could not maintain replevin, that the property therefore remained *in custodia legis* and operated *sub modo* as a satisfaction of the first execution, and that the issuing of the second and the levy and sale under it were therefore unlawful, and the officer was liable accordingly.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* for appellants.

*J. P. Orr* and *O. L. Houts* for respondent.

NORTON, J.—This is a suit at the relation of Andrew Colvin against defendant Six and his sureties on a constable's bond. On the trial plaintiff had judgment, from which the defendants have appealed.

The breach of the bond assigned in the petition is in substance that on the 18th day of January, 1879, an *alias* execution was issued on a judgment rendered against plaintiff by W. C. Smith, a justice of the peace, which was delivered to defendant Six, who was the constable of the township, and who levied the same on eight head of hogs belonging to plaintiff and sold the same; that said *alias* execution was void; that it was issued on a judgment rendered by said justice that was void because he had no juris-

diction either of the person of plaintiff or the subject matter of the suit; all of which was well known to said Six at the time he received the execution; that prior to the issuance of the *alias* execution an execution on the same judgment had been issued against plaintiff which had been levied on sufficient personal property of plaintiff's to satisfy said execution.

The defendant in his answer admits that he received the *alias* execution, levied it upon the hogs and sold them by virtue of the power it gave him, plaintiff being present at the sale, ordering and directing the manner of the sale; that the proceeds thereof were applied to the satisfaction of the execution, except $4, which he tendered and offered to pay over to plaintiff.

On the trial it appeared in evidence that plaintiff in 1. JUSTICES' COURTS: this suit, and who was defendant in the change of venue- judgment. suit before the justice who rendered the judgment upon which the execution issued, previous to the trial appeared before the justice and applied for a change of venue, which the justice overruled, whereupon plaintiff abandoned the case, and the justice proceeded to try it and rendered judgment. It is contended by plaintiff's counsel that after he made his application for a change of venue complying with the statutory requirements in making it, the justice had no other jurisdiction of the same than to order the change and to send the case to another justice, and that the judgment rendered by him was a nullity. This precise point was raised at the present term in the case of *Colvin v. Six,* 79 Mo. 198, where the identical judgment here drawn in question was held not to be a nullity, and that an execution upon it gave full authority and protection to Six, the constable, in executing it. The circuit court evidently tried that case, as well as the one now under consideration, on the theory that the judgment of the justice was a nullity, and the instructions asked by defendant bearing upon that point, and refused by the court, ought to have been given.

It is also claimed by counsel for plaintiff that the first execution which issued on the judgment was levied upon two horses, the property of A. Colvin, of the value of $100, and more than sufficient to pay the execution; that this levy operated as a satisfaction of the judgment, and that the second execution was, therefore, issued without warrant of law and was void.   The defendants' counsel on the other hand insists that inasmuch as the return of the constable on the first execution showed that the horses levied upon had been taken out of his possession by a writ of replevin which was issued in a suit begun by B. F. Colvin for the recovery of the possession of the said horses, the justice of the peace was warranted in issuing a second execution, and this execution warranted the defendant, who was constable, levying upon and selling the property of the defendant therein, sufficient to satisfy the same.

*2. EXECUTION: replevin of property levied on: second execution.*

There can be no question that when sufficient personal property of a defendant in an execution to pay it, is levied upon, it operates as a satisfaction if nothing more appears, and so long as said property may be held under the levy undisposed of, no second execution can be issued.   This has been substantially announced as the doctrine of this court in the following cases :   *Blair v. Caldwell*, 3 Mo. 354; *Moss v. Craft*, 10 Mo. 720;   *Williams v. Boyce*, 11 Mo. 537; *Blackburn v. Jackson*, 26 Mo. 308;   *Thomas v. Cleveland*, 33 Mo. 126.

The principle governing in such cases is thus stated in Freeman on Judgments, section 475:   "A levy upon personal property sufficient in value to satisfy the execution is frequently said to operate *per se* as an extinguishment of the judgment     *     *  .   None of the decisions assume that a levy produces an absolute satisfaction.   It is only satisfaction *sub modo;* the levy must be fairly exhausted before further proceedings can be taken, and while these proceedings are going on the plaintiff cannot have another execution     *     *  .   After the levy, if the sheriff waste

the property or it is lost through his neglect, the satisfaction is absolute. If without fault of the plaintiff or of the sheriff the levy does not produce proceeds sufficient to satisfy the execution, then the plaintiff is entitled to proceed for so much as remains unpaid, as if no levy had been made. If after levy upon sufficient personal property the court orders that the judgment be not enforced, the order releases the levy but does not discharge the judgment. The restoration of the property to defendant at his request or by some act for which he is responsible prevents the levy from operating as a satisfaction so far at least as his rights are concerned     *     *     . It is apparent that the satisfaction, if such it may be called, produced by a levy on personal property is liable to be removed by a variety of circumstances." "While a levy is *prima facie* satisfaction of an execution, it is not an absolute satisfaction, like actual payment. If the property is given up to the debtor, or if he wrongfully take the property, or do any other act by which the fruits are destroyed, he cannot claim it as satisfaction, or where it is released by the creditor and restored to the debtor at his request, or by some act for which he is responsible; or if taken from the officer by due course of law." Herman on Ex., § 176, p. 256.

In the light of the facts in this case, and the authorities referred to, it is the opinion of all the members of the court, except myself, that the taking of the horses levied upon by the first execution out of the possession of the constable by the writ of replevin sued out by B. F. Colvin, the purchaser from A. Colvin the defendant in the execution, after being levied on, did not authorize the issuance of the second execution, nor justify the levy and sale thereunder of the hogs of plaintiff, inasmuch as the horses levied upon were *in custodia legis* and could neither be replevied by the defendant in the execution nor his vendee who bought after such levy. Wells on Rep., §§ 243, 244. See also Freeman on Ex., § 268, where it is said: "Another consequence of taking property under execution is, that it

is put in custody of the law, and cannot be levied upon by any other officer, nor can it be replevied from the officer in whose charge it is, by the defendant or any one claiming title under him subsequent to the levy."

Judgment affirmed.   All concur.