HARRISON H. M. WILLIAMS, Appellant, v. ELIZA W. WILLIAMS, Respondent.

St. Louis Court of Appeals, April 18, 1893.

1. **Judgments Rendered on Constructive Service**: PRESUMP-TIONS. When a judgment, obtained in another state upon the service of process beyond its territorial limits, contains a recital that the judgment defendant was legally summoned, such recital must be accepted as *prima facie* evidence that the laws of that state authorized this mode of service.

2. **Evidence**: AUTHENTICATION OF TRANSCRIPT OF JUDGMENT OF SISTER STATE. The transcript of the judgment rendered in another state of the Union, in order to satisfy the requirements of the act of congress in relation to the authentication of such records, and, therefore, in order also to satisfy our own statute, must be attested by the clerk of the court in which the judgment was rendered; an attestation by a deputy in the name of the clerk is insufficient.

| | |
|---|---|
| 53 | 617 |
| 120m | 338 |
| 53 | 617 |
| 70 | 512 |
| 53 | 617 |
| 172 | 32 |
| 53 | 617 |
| 77 | 582 |
| 53 | 617 |
| 86 | 471 |

3. ———: ———: PRACTICE, APPELLATE: NON-PREJUDICIAL ERROR. A transcript of this character was attested by a deputy clerk in the name of the clerk, and this appeared therefrom; but it also appeared from other parts of the record that the clerk, whose name was signed by the deputy to the attestation, was the clerk of the court at the time, and the judge whose certificate was attached to the transcript certified to the signature as that of the clerk. *Held*, that the admission of the transcript in evidence against the judgment debtor was not prejudicial error.

4. ———: ———. The foreign judgment in question in this cause was rendered by the circuit court of Garland county of the state of Arkansas. The certificate of the judge attached thereto recited that he was the "judge of the seventh judicial circuit in the state of Arkansas, of which circuit the county of Garland constitutes a part." *Held*, that this certificate sufficiently showed that he was the judge of the court which rendered the judgment.

5. ———: ———. The transcript of the foreign judgment, which was one of divorce, contained a copy of the complaint with the indorsements thereon, the writ of summons with the return of service and file marks indorsed thereon, and a copy on the decree. *Held*, that this was a sufficient transcript of the entire record.

6. ———: FOREIGN STATUTES. A printed volume is admissible as *prima facie* evidence of the statutes of a sister state, if it purports to contain the same; it need not purport to have been printed under the authority of that state.

7. **Res Adjudicata:** EFFECT OF FOREIGN DECREE OF DIVORCE. A husband instituted an action of divorce in this state. While it was pending, and before the trial thereof, the wife instituted a similar action in Arkansas and obtained a decree of divorce therein. *Held*, that this decree was valid and conclusive in the trial of the action in this state.

*Appeal from the Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*W. H. Miller* and *J. W. Limbaugh*, for appellant.

*A. Curl*, for respondent.

BIGGS, J.—The court dismissed the plaintiff's application for divorce, upon the ground that the parties had been previously divorced by decree of the

circuit court of Garland county, in the state of Arkansas. The defendant pleaded in bar. of the action that, at the March term, 1892, of the circuit court of Garland county, in the state of Arkansas, in a proceeding in which she was plaintiff and this plaintiff was a defendant, a decree was entered dissolving the marriage relationship between the parties. The court found these facts as alleged, and dismissed the bill. The plaintiff has appealed.

The certified copy of the record of the proceedings in the divorce suit by the wife shows that process was sent to Cape Girardeau county, Missouri, and there served on this plaintiff by a private person. There was no evidence that the laws of Arkansas authorized that mode of service. The point is now made that no jurisdiction of the person of this plaintiff by the Arkansas court was shown.

It is the generally accepted law that, where the validity of a judgment of a sister state is a proper subject of inquiry, such judgment is held to be conclusive as to all matters except that the court rendering the judgment had no jurisdiction of the subject matter of the suit, or that the court failed to acquire jurisdiction of the person of the defendant. In no other respect is such a judgment open to collateral attack, where the parties are *sui juris*. *Wilson v. Jackson*, 10 Mo. 331; *Blackburn v. Jackson*, 26 Mo. 308; *Napton v. Leaton*, 71 Mo. 358; *Eager v. Stover*, 59 Mo. 87; *Sevier v. Roddie*, 51 Mo. 581.

As it is undisputed that the circuit court of Garland county, Arkansas, is a court of general jurisdiction with authority to hear and determine actions of divorce, and that the defendant in the action had personal notice of the pendency of the proceeding, the only debatable question on the subject of jurisdiction is whether it was incumbent on Mrs. Williams to show

affirmatively that the laws of Arkansas authorized personal service of judicial process beyond the limits of the state.

Very respectable authorities hold to the view that, when it appears that the process of the court was served on a defendant in a judgment beyond the territorial limits of the state, or that the judgment was had upon the publication of a notice, it devolves upon the party relying upon such judgment to show that the statutes of the state wherein the judgment was rendered authorized the service. *Gray v. Larrimore*, 2 Abb. U. S. 542. But the weight of authority seems to favor the view that the same presumptions are applied in favor of the regularity of judgments rendered on constructive service as to judgments based upon actual service within the limits of the state. Freeman on Judgments [2 Ed.], sec. 127. The point has not been directly passed upon in this state, but our courts seem to incline to the latter view. *Blackburn v. Jackson*, 26 Mo. 308; *Wilson v. Jackson*, 10 Mo. 331; *Huxley v. Harold*, 62 Mo. 516. The case of *Wilson v. Jackson, supra,* seems to hold that, where the judgment of another state contains the jurisdictional recital that the defendant was legally summoned (as it does in the present case), such recital must be accepted as *prima facie* evidence that the particular process and the mode of its service is in conformity with the local law of the state wherein the judgment was rendered. Under these authorities we think that the presumptions in the case at bar are in favor of the regularity of the judgment and all proceedings leading up to it, and the burden of showing the contrary was on the defendant.

Objection was made by the plaintiff to the introduction in evidence of the certified copy of the proceedings in the divorce case for the reasons: *First.* The name of the circuit clerk is signed to the certificate

by his deputy. *Second.* The certificate of the judge fails to show that he was the judge of the circuit court of Garland county. *Third.* It does not appear from the certificate that the whole record is certified.

The certificate of the clerk is in the following form:

"STATE OF ARKANSAS, } ss.
"County of Garland. }

"I, W. H. Moyston, clerk of the circuit court in and for the county of Garland and state of Arkansas, hereby certify that the annexed and foregoing is a true, correct and perfect copy and transcript of the complaint in the case of Eliza W. Williams against Harrison H. M. Williams, filed in said court on the thirteenth day of January, 1892, with the indorsement thereon, and certificate thereto attached; and of the writ of summons issued thereon, with the return of service indorsed thereon, with the indorsements and file marks indorsed on said writ, and now on file in my office in the said cause, and which is known as number 930.in equity, in said court, and in which said cause a final judgment and decree was rendered by said court at the March term thereof 1892, on the sixteenth day of April, 1892, a true copy of which decree is annexed hereto.

"In testimony whereof I have hereunto set my hand and the seal of said court this twenty-ninth day of April, 1892.

"[L. S.]                    W. H. MOYSTON,
                              "Circuit Clerk,
"By JAMES M. ANDERSON, D. C."

The certificate, under decided cases, is formally insufficient under the act of Congress touching the authentication of records, and by parity of reasoning under the statute of this state, because it was not attested by the clerk, but by his deputy. *Morris v. Patchen,* 24 N. Y. 394; 1 Greenleaf on Evidence, sec.

506. At the same time it appears from other parts of the record that the clerk, whose name the deputy signed, was the clerk of the court at the time, and the judge certifies to the signature as that of the clerk. To reverse the judgment for this formal defect in the certificate would contravene the mandate of the statute, which prohibits us from reversing judgment for error not materially affecting the merits of the action. Revised Statutes, 1889, sec. 2303.

The certificate of the judge is as follows:

"I, A. M. Duffie, judge of the seventh judicial circuit in the state of Arkansas, of which circuit the county of Garland constitutes a part, do certify that the annexed and foregoing certificate of W. H. Moyston, clerk of the Garland circuit court, is in due form according to the laws of the state of Arkansas. Given under my hand as such circuit judge this second day of May, 1892.                    A. M. DUFFIE,
          "Circuit Judge as aforesaid."

. This certificate we think is sufficient. In the case of *Moyer v. Lyon*, 38 Mo. App. 635, upon which the plaintiff relies, the clerk who made the certificate described himself as prothonotary of the common pleas court of Montour county, Pennsylvania. The judge who certified to the official character of the prothonotary described himself as "the president judge of the twenty-sixth judicial district, composed of the counties of Montour and Columbia in the state of Pennsylvania." He failed to certify that he was the judge of the common pleas court of Montour county. The court properly ruled that the certification of the transcript was insufficient.

Neither does the case of *Barlow v. Steel*, 65 Mo. 611, afford any support to the plaintiff's contention. In speaking of the certificate of the judge, SHERWOOD, J., said: "It by no means appears that Cattaraugus

county is in the fourth judicial department, or that Joseph Mullin is the presiding justice of the court, whose record is being certified, or of which Nash is clerk; the certificate in these respects neither complying with the act of Congress in this regard (appendix, 2 Wagner's Statutes, 1883, sec. 1), nor with our own statutes, (1 Wagner's Statutes, sec. 51, p. 598)." Revised Statutes, 1889, sec. 4881.

The transcript contained a copy of the complaint with the indorsements thereon, the writ of summons with the return of service and file marks indorsed thereon, and a copy of the decree. This was sufficient.

The transcript of the judgment offered in evidence in the case of *Crone v. Dawson*, 19 Mo. App. 214, only contained a copy of the judgment. That record was clearly insufficient, and the court so held.

The defendant read in evidence certain sections of "Mansfield's Digest of the Statutes of Arkansas" to prove, among other things, that the circuit courts of Arkansas have power to dissolve bonds of matrimony for certain causes. The second subdivision of section 2562 was also read, which provides in substance that, if the alleged cause of divorce occurred outside of the state and it was a legal cause of divorce where it occurred, then a decree would be authorized. Mrs. Williams alleged in her petition for divorce that her husband had offered her such indignities as to render her condition intolerable, and that the cause of the divorce occurred in the state of Missouri, while she was a resident thereof. Objection was made to this evidence, upon the ground that the preliminary proof was not sufficient to show that the "digest" was printed by authority of the state of Arkansas. The objection was properly overruled. Section 4835 of the Revised Statutes of 1889 provides that "the printed volumes purporting to contain the laws of a sister state or

territory shall be admitted as *prima facie* evidence of the statutes of such state or territory." Mansfield's. Digest purports to be a digest of all the laws of the state of Arkansas then in force. The supreme court of this state *(Cummings v. Brown*, 31 Mo. 309), in construing our statute (now sections 4835 and 4831 of the Revised Statutes of 1889), held that, if the book offered in evidence purports to contain the laws of the state or territory, it will be sufficient; that it was not necessary that the book should purport to be printed under the authority of such state or territory.

Lastly it is insisted that the plaintiff's suit for divorce was pending when that of his wife was instituted, and that for this reason the Arkansas court was without jurisdiction. Section 1 of article 4 of the Constitution of the United States provides that, "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." The decree of the Arkansas court antedated the trial of the present case, and, being presumptively valid there, as we have attempted to show, it must under the foregoing section of the Constitution he held to be valid here. This case affords a good illustration of the necessity of the constitutional provision, for it would be absurd to hold that Mrs. Williams was a *feme sole* as to the state of Arkansas, and a *feme covert* as to the state of Missouri. If the plaintiff's suit was pending at the time Mrs. Williams instituted her action, and he wished to avail himself of that fact as a bar to her action, he should have appeared and filed an answer setting forth the facts.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.