PETER HAMILL, Respondent, v. JOHN A. TALBOTT, Appellant.

Kansas City Court of Appeals, November 1, 1897.

1. **Jurisdiction**: DIVORCE: NEGLECT AND ABANDONMENT: OHIO STATUTE. The Ohio statute grants a divorce for gross neglect and also for three years' abandonment. A petition showed only one year's abandonment, but also complained of gross neglect and a decree was granted for gross neglect of duty and abandonment. *Held*, as the Ohio court had jurisdiction of divorces, a Missouri court can not, in a suit on its judgment, inquire whether the Ohio court correctly construed the petition and the statute, especially where the petition might well be held to state a cause of action for gross neglect.

2. ———: SERVICE: REVIEWING TRIAL COURT. The trial court in this case heard evidence on the residence of the defendant in the state of Ohio, where the action was brought in that state against him, and also as to the mode of the service, and an examination of the evidence shows there was sufficient to authorize the finding.

3. ———: ———: RECITAL IN JUDGMENT: CITIZENSHIP. The Ohio statute requires service six weeks before the hearing of the cause. The officer returned service by giving copy, etc., at the defendant's usual place of abode. The Ohio court found defendant had been duly served, etc., and failed to appear. *Held*, the defendant being a citizen of that state, was bound by the adjudication.

Hamill v. Talbott.

4. **Service of Process:** CITIZENSHIP: PERSONAL JUDGMENT. Where the service on a defendant is constructive and though he at the time is absent from the state, yet if he is a citizen of such state, a personal judgment may be taken against him notwithstanding there was no personal service.

5. **Jurisdiction:** DIVORCE: ALIMONY: SERVICE: CITIZENSHIP. While a judgment for divorce is undoubtedly good on constructive service, yet in a judgment for alimony, the service should be the same as in any other personal money judgment, and a citizen of a state may, by the laws thereof, have a judgment rendered against him *in personam* without personal service and in his absence from the state.

6. **Judgments:** ASSIGNMENTS: CERTIFICATION OF AN ACT OF CONGRESS. The doctrine of *Williams v. Williams*, 53 Mo. App. 617, followed.

7. **Trial Practice:** FINDINGS OF FACT AND OF LAW: STATUTE CONSTRUED. Section 2135, Revised Statutes 1889, requires the court, when requested thereto, to state in writing the conclusions of facts found separately from the conclusions of law, and a failure so to do is reversible error.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*Growney & Growney* and *J. B. Newman* for appellant.

(1) There was no valid assignment of the judgment to plaintiff Hamill, the purported assignment not being attested by the clerk as required by Revised Statutes 1889, section 6043. *Bank v. Bulkey*, 68 Mo. App. 327. (2) The certificate of the judge does not state that he is the judge of the court of common pleas of Hardin county, or that Horton Park is clerk of the said court, or that "the attestation is in due form" "and by the proper officer." R. S. 1889, sec. 4881; Act Cong., Laws U. S., sec. 996; *Moyer v. Lynn*, 38 Mo. App. 635. (3) To entitle a judgment of a sister state to the full faith and credit guaranteed by the federal constitution and acts of congress, the court

rendering the judgment must have jurisdiction of the subject-matter and of the person of the defendant. *Crone v. Dawson*, 19 Mo. App. 214; *Edgar v. Stover*, 59 Mo. 87, 89; *Brown v. Woody, Adm'r*, 64 Mo. 537; *Hope v. Blair*, 105 Mo. 85, 93. These essentials must appear on the face of the record in the transcript of the "judgment roll" to be *prima facie* evidence. *Adams v. Cowles*, 95 Mo. 506. (4) The Ohio court had no jurisdiction of the person of defendant. *Wilson v. Jackson*, 10 Mo. 331; *Williams v. Williams*, 53 Mo. App. 617, 620. The doctrine of constructive service of process is altogether the creature of statutory enactment and has no existence until it receives legislative recognition. *Leach v. Cargill*, 60 Mo. 316; *Wilson v. R'y*, 108 Mo. 588, 596. Ohio being formerly subject to the laws of England it will be presumed (unless the contrary is shown) that the common law is in force there. *Meyer v. McCabe*, 73 Mo. 241; *White v. Chaney*, 20 Mo. App. 389, 396. And unless the statute authorizes substituted or constructive service, the law will intend that personal service is meant. *Doyle v. R'y*, 113 Mo. 289; *Flato v. Mulhall*, 72 Mo. 522; *Sloan v. Torrey*, 78 Mo. 623, and the authorities there cited. (5) The transcript of the Ohio judgment, showing judgment *in personam* by default on constructive service, has no extra territorial validity. *Smith v. Ross*, 7 Mo. 233; 15 Johns. 121. (6) The Ohio court did not have jurisdiction of the subject-matter. The subject of divorce is regulated by statute in Ohio. 2 R. S. of Ohio 1880, ch. 6, sec. 5689; *Marx v. Fore*, 51 Mo. 69; *Christmas v. Russell*, 5 Hall, 305; *Harris v. Hardman*, 14 How. U. S. 334; *Starbuck v. Murray*, 5 Wend. 156; *Eager v. Stover*, 59 Mo. 87; *Kincaid v. Storz*, 52 Mo. App. 564; *Penywit v. Foote*, 27 O. S. Rep. 600; *Mansfield v. Mansfield*, Wright Ohio Rep. (*nisi prius*) 284; *Gaines v. Gaines*, 9 B. Monroe, 295–303; *Butler v. Butler*, 1

Parsons Rep. 329; *Stokes v. Stokes*, 1 Mo. 320; *Hester v. Hester*, Wright Ohio Rep. (*nisi prius*) 210, 226, 455; *Johnston v. Johnston*, Wright Ohio Rep. (*nisi prius*) 454, 469. (7) Under section 2135, Revised Statutes of Missouri 1889, it was the plain duty of the trial court on the request of appellant with the view of excepting to the decision of the court upon the questions of law and of fact, to have stated in writing the conclusions of facts found separately from the conclusions of law. *Griffith v. K. C. Material & Court Co.*, 46 Mo. App. 539; *Major v. Major*, 2 Kan. 337; *R. R. v. Johnson*, 16 Ohio St. 591; *Russell v. Arwarder*, 2 Cal. 305; *Bailey v. Wilson*, 29 Mo. 21; *R. R. v. Ferry*, 28 Kan. 686; *Nicholas v. Carter*, 49 Mo. App. 401.

*Gallatin Craig* and *W. C. Ellison* for respondent.

(1) The certificate to the transcript of the judgment is all the law requires. *Williams v. Williams*, 53 Mo. App. 17. The officer's return (if true in fact) is sufficient in law, and can not be assailed in a suit on the judgment record. *State v. Williamson*, 57 Mo. 192; *Wilson v. Jackson*, 10 Mo. 329. (2) Another contention is that the court below erred in not stating with sufficient fullness its conclusions of facts found separately from its conclusions of law, as required by section 2135 of the code. This statute does not require the court to rehearse all of the evidential facts, as distinguished from the ultimate facts to be proved. *Cochran v. Thomas*, 131 Mo. 268; *Vette v. Barge*, 64 Mo. App. 179, 185. (3) The Ohio court had jurisdiction of the subject-matter, i. e., divorce. Whatever errors of law may appear on the face of the judgment record, and however defective the petition for divorce may be, they are such errors and irregularities only as may be taken advantage of by appeal. They do not affect the juris-

diction of the court over the subject of divorce. 2 Black on Judgment, sec. 842; *State v. Smith*, 104 Mo. 419.

ELLISON, J.—Florence L. Talbott recovered judgment against defendant in the court of common pleas, Hardin county, Ohio, in the year 1892 for $1,000. Said Florence, prior to that time, had been the wife of defendant, and she obtained the foregoing judgment in a divorce proceedings against him wherein she was decreed a divorce by the court aforesaid on account of defendant's gross neglect of duty and his abandonment of her. This plaintiff is the assignee of that judgment, and on trial before the court without a jury he prevailed. Defendant appeals.

The three principal points of defense are that the court in Ohio did not have jurisdiction of the subject-matter, or of the person of defendant; and that the court failed to make a sufficient finding of facts.

I. It is not contended that the court did not have jurisdiction of divorces including authority to grant alimony. But it is argued that the face of the record shows there was no jurisdiction of the subject-matter in that case. The point made is that the petition shows a cause of action against defendant for abandonment; whereas the judgment of divorce was for "gross neglect of duty and abandonment." That under the statute of Ohio abandonment to be a cause of divorce must have been for three years before a cause of action arises, whereas the petition shows that the abandonment here was for only about one year. The causes of divorce under the Ohio statute are as follows:

JURISDICTION: divorce: neglect and abandonment: Ohio statute.

" Sec. 5689. Court of common pleas may grant divorces for the following causes: *First*. That either party had a husband or wife living at the time of the

marriage from which the divorce is sought. *Second.* Willful absence of either party from the other for three years. *Third.* Adultery. *Fourth.* Impotency. *Fifth.* Extreme cruelty. *Sixth.* Fraudulent contract. *Seventh.* Any gross neglect of duty. *Eighth.* Habitual drunkenness for three years. *Ninth.* The imprisonment of either party in a penitentiary under sentence thereto, but the petition for divorce under this clause shall be filed during the imprisonment of the adverse party. *Tenth.* The procurement of a divorce without the state by a husband or wife by virtue of which the party who procured it is released from the obligations of the marriage while the same remains binding upon the other party."

It will be seen that while abandonment as a cause of divorce must be for three years, yet gross neglect of duty is likewise a cause. Our opinion therefore on this point is this: That since the court had jurisdiction of actions for divorce, and since gross neglect of duty is a cause of divorce under the laws of Ohio, we are not at liberty to inquire whether the Ohio court correctly or incorrectly concluded that the petition in pleading abandonment stated a case of gross neglect of duty. It may be that that court held an abandonment for less than three years would amount to gross neglect of duty. But it is argued by counsel for defendant that it has been held by the supreme court of Ohio that on a charge of abandonment the proof must show its length to be three years, and that proof of gross neglect of duty could not be entertained on such a charge. We may grant this without in the least aiding defendant's point. For to grant it would only show that the Ohio court of common pleas, in passing on the divorce case now in question, misinterpreted the law to this defendant's injury, an injury which he should have redressed by an appeal. We need scarcely be called

upon to cite authority to the effect that if a court errs in an interpretation of the law of a case belonging to a class of which it has jurisdiction, it does not thereby deprive itself of jurisdiction of the case. The court of common pleas had general jurisdiction of divorce cases and any error it may have made, in its application of the law to a case before it, should have been corrected by appeal.

Thus far we have treated plaintiff's point as though the petition merely charged abandonment. It did in fact charge that defendant "abandoned the plaintiff and has ever since failed and neglected to provide the plaintiff with a dollar's worth of goods or provisions of any kind, so that she has been thrown on her own exertions and the charity of her friends." Considering the charge in its entirety it would seem that the court of common pleas might well hold that the petition stated a cause of action of "gross neglect of duty."

2. Did the court in Ohio have jurisdiction of the person of the defendant? He contends that there was no service had on him, and that he was a resident of Iowa at the time the record of the Ohio court shows the service had in that case was made, and knew nothing of the divorce proceedings.

——: service: reviewing trial court.

It is now the settled law of this state that notwithstanding the general proposition that the record of a court of competent general jurisdiction in another state will be indisputable in the courts of this state, yet the proposition is based on jurisdiction of the person of the party affected. *Mark v. Fore*, 51 Mo. 69; *Eager v. Stover*, 59 Mo. 87. The latter point may be tried in our court as a question of fact, and if it be found that there was no jurisdiction of the person the foreign judgment is held for naught.

The Ohio record showed service on defendant November 24, 1896, by leaving a copy of the summons and petition at the defendant's "usual place of residence." The trial court heard evidence on the questions whether defendant was at that time a resident of Ohio and whether the place where the service was made was defendant's usual place of residence. We have gone over this evidence. We will not analyze it here, nor attempt to balance its weight. But we are free to say there is sufficient to authorize the court to make the finding and hence we will not disturb the conclusion reached.

But defendant claims the service, had as above stated, was not a legal service under the laws of Ohio, in that there was no service on defendant

—:—: recital in judgment. personally. A section of the statute of Ohio in respect to the service of process was introduced in evidence by defendant as follows:

"Sec. 5692. When the defendant is a resident of this state the clerk shall issue a summons directed to the sheriff of the county in which he or she resides or is found, which, together with a copy of the petition, shall be served on the defendant at least six weeks before the hearing of the cause."

It is claimed by plaintiff that the foregoing is not all of the statute of Ohio having reference to service of process applicable to divorce cases. We will, however, for present purposes, assume that it is. Assuming this, we have a statute directing that the summons and a copy of the petition "shall be served on the defendant at least six weeks before the hearing of the cause." We have the return of the officer of the proper county that he served the defendant by leaving the summons and a copy of the petition "at the usual place of residence of the within named defendant, John A. Talbott." And we also have it adjudged by the

Ohio court that the defendant had "been duly served with summons and copy of petition herein, and having failed to appear the court finds him in default," etc.

It is true that in this state when a notice is required and it is not specified how it shall be given, personal notice is held necessary. But here we have an adjudication (by necessary implication) that the defendant was a resident of Ohio and a direct adjudication that the service was proper under the law of Ohio. If it be true that there is no statute of Ohio pointing out how service must be had and that the section quoted is all there is on the subject, then we have an adjudication that the mode followed in this case is sufficient under that section. In other words the Ohio court adjudged constructive service of the writ to be sufficient under the terms of the section aforesaid which was silent as to the mode of service. The defendant being, as we shall see, a citizen of that state, subject to the jurisdiction of the courts of that state, must be held bound by that adjudication. *Williams v. Williams*, 53 Mo. App. 617; *Blackburn v. Jackson*, 26 Mo. 308.

But defendant's contention embraces the point that it was not within the power of the Ohio court to

—: divorce: alimony: service: citizenship.

render, or the Ohio statute to authorize, a judgment on constructive service which would be conclusive on defendant in other states.

If the case in Ohio had been for divorce only—had not included alimony—and if the validity of the judgment as to the divorce only was in question, it would be easily disposed of, since a proceeding for divorce only affects the status of the marriage relation—it is a proceeding *in rem*. And the party plaintiff being a resident of the state, a judgment on constructive service (even by publication) is valid in other states. *Gould v. Crow*, 57 Mo. 200; 2 Black on Judgments,

secs. 925, 928, 931. But here it is only that part of the judgment which relates to alimony that is questioned. And as to alimony we must look at the question just as though it was any other personal money judgment. *Ellison v. Martin*, 53 Mo. 575; 2 Black on Judgments, sec. 933. We must therefore consider whether the judgment is conclusive on defendant in this state as a personal judgment for money, and as if rendered on actual personal service.

Regarding the service as constructive or substituted service, it was a proceeding against a citizen of Ohio as the trial court has found and as the Ohio court must have adjudged, even though he was temporarily absent from Ohio at time of service. Being a citizen of Ohio that state had "the right to prescribe by law how its citizens shall be brought into its courts," it being now well settled that if process be served upon the defendant according to the laws of the state of which he is a resident, and judgment be afterward rendered against him, such a judgment is as binding between the parties, in another state, when relied on as a bar to the prosecution of a second suit, upon the same cause of action, as it is in the state where it was rendered." *Harryman v. Roberts*, 52 Md. 64; 2 Black on Judgments, sec. 907; *Gillespie v. Ins. Co.*, 12 Gray, 201; *Biesenthall v. Williams*, 1 Duvall, 329; *Cassidy v. Leitch*, 2 Abbott's New Cas. 315; *Huntley v. Baker*, 33 Hun. 578; *Beard v. Beard*, 21 Ind. 321. In the two cases last cited the distinction as to the effect of judgments rendered on constructive or substituted service is pointed out. That distinction is that which arises from the citizenship of the party sought to be charged by the judgment. If he is a citizen of the state at the time of the service, he is amenable to the laws of such state. In *Huntley v. Baker* it was said that it had been repeatedly held in England that the doctrine that judgments

were without extra territorial effect except founded on personal service "is not applicable when the person so sought to be charged is a subject or citizen where and at the time the proceedings are taken, and when they are in conformity to the statute there, although the person may be then absent from the country, and that is put upon the ground that the person domiciled there owes allegiance to the country and submission to its laws. And therefore a judgment may in such case be rendered against and charge a defendant *in personam* without any personal service upon or actual notice to him, and in his absence from the country." But if the party sought to be charged was not a citizen of the state when the process, upon which the judgment is founded is served, the rule just stated would not apply.

3. An examination of the points made on the assignment of the judgment and the certificates of the clerk and judge of the Hardin county, Ohio, court of common pleas are unsubstantial. We regard each as sufficient. *Williams v. Williams*, 53 Mo. App. 617.

JUDGMENTS: assignments: certification of an act of congress.

4. We come now to a contention made by defendant in the trial court and here, which we are of the opinion makes it necessary to remand the cause. Counsel for defendant "with a view of excepting to the conclusions of facts and of law, requested the court to state in writing the conclusions of facts found separately from the conclusions of law, as required by section 2135, Revised Statutes of Missouri 1889, and the court made a finding in writing in words and figures as follows:

TRIAL practice: findings of fact and of law: statute construed.

"The court finds for the plaintiff in the sum of one thousand and three hundred dollars at six per cent interest.

"The court finds that the court of common pleas of Hardin county, Ohio, had jurisdiction of the subject-matter and that the defendant was duly served as the law directs and the judgment regularly had and duly assigned to this plaintiff.

"To which finding and conclusion of facts and of law as so found by the court, defendant at the time excepted for the reason that the said finding and conclusions of facts and of law was and is an insufficient and erroneous finding by the court, and not such as contemplated by section 2135 of the Revised Statutes of Mo. 1889, and not a finding of facts at all.

"Whereupon the court sitting as a jury found a verdict for the plaintiff in the sum of one thousand and three hundred dollars at six per cent."

We regard this finding of facts as not responsive to defendant's request. It was not such finding as the statute contemplates under the view taken in *Nichols v. Carter*, 49 Mo. App. 401, and subsequent cases. The court should have stated the facts he found upon which he based the conclusion that the defendant was duly served. We have already seen that if defendant was not a citizen of Ohio at the time of the service, then he was not duly and legally served. For if he was not a citizen of Ohio, constructive service would not be sufficient to authorize a personal judgment binding upon him in this state. The trial court has stated the conclusion of law that defendant was duly served, but omitted to state the fact upon which that conclusion was based. If the court had found facts from which other facts not set out could be legally presumed, it would have been sufficient. *Nichols v. Carter, supra.* But in the instance we are now considering the court does not find any fact and merely states a conclusion from what was in the mind of the court. We may say

that in all probability the court found, as it well might have found on the evidence, that defendant, if absent from Ohio at the time of service, had not changed his residence or citizenship, and therefore he was amenable to the courts of Ohio on constructive service. But we can not know this to be true. The court might have believed defendant had finally and permanently renounced the state of Ohio and yet for other reasons, based on incorrect conclusions of law, have held the service sufficient and the judgment good. At all events the defendant had a right to a statement of the facts found on this head that he might make a case, good or bad, on an appeal.

In our opinion, if the court had found the fact of the existence of the statute of Ohio relating to common pleas courts, its conclusion that the court of common pleas of Hardin county, Ohio, had jurisdiction of the subject-matter would have been well founded. The only other matter of fact necessary to find in addition to what was found by the court was in regard to whether defendant had at the time of service renounced his citizenship in Ohio.

In all other respects the case was properly disposed of.

Reversed and remanded. All concur.