Cummings v. Brown.

————————

CUMMINGS, Plaintiff in Error, v. BROWN, Defendant in Error.

1. Under the statute, (R. C. 1855, p. 723, § 2, 6,) it is not necessary that the statute book offered in evidence should purport to be printed under the authority of the state or territory in order to be admitted in evidence; if it purports to contain the laws of state or territory, it will be sufficient.

*Error to Linn Circuit Court.*

*Harris & Lander*, for plaintiff in error.

I. The act of 1835 (R. C. 1835, p. 250, § 2) reads: " The printed statute books of sister states and the several territories of the United States, purporting to be printed under the authority of such states or territories." This was the only law on the subject in 1835. This court, in the case of Bright et al. v. White, 8 Mo. 421, determined that a book with this title, " The Statute Laws of the State of Tennessee, of a public and general nature, revised and digested by John Haywood and Robert L. Cobb, by order of the general assembly, T. T. Heiskill, printer and publisher," was not evidence un-

der the above recited act, because the book did not " purport to be printed under the authority of such state." The legislature reënacted the above recited section in the revision of 1845, (R. C. 1845, p. 467, § 2,) and also further enacted the following new section : " Sec. 6. The printed volumes purporting to contain the laws of a sister state or territory shall be admitted as *prima facie* evidence of the statutes of such states and territories." This section neither requires the book to purport to be printed nor published by authority, but only that the same shall purport to contain the laws of a sister state. Both of these sections were reënacted in the statutes of 1855.

II. Bouvier says that the word " purport" means the substance of a writing as it appears on the face of it, for the eye that reads it ; it differs from " tenor." (Bouvier's Law Dict. vol. 2, p. 405.) " Tenor," he says, signifies an exact copy ; it differs from " purport." (Bouvier's Dict. vol. 2, 578.) Burrill says that " purport" means import, substantial meaning, substance, the substance of it, as it appears on the face of the instrument, and is distinguished from " tenor," which means an exact copy. (Burrill's Law Dict., part 2, p. 843 ; Haile v. Hill et al. 13 Mo. 616, where the point is determined.)

*Mullins*, for defendant in error.

I. The only question which seems to be presented in this case is whether or not the court below erred in rejecting the book offered in evidence by the plaintiff. Under the revised code of 1855, p. 723, § 2, the statute books of sister states, in order to be admissible in evidence, must purport to be printed by authority of such states. The book offered in evidence was clearly inadmissible under that provision of the statute. (Bright et al. v. White, 8 Mo. 421.)

II. It is insisted that under section six of the act above referred to, making printed volumes purporting to contain the laws of a sister state admissible as *prima facie* evidence of the statutes of such state, the book offered should have

been admitted. Although this section does not require that the books offered in evidence shall purport to be printed by authority in order to their admissibility, yet certainly a book compiled and published as the one offered in evidence seems to have been, does not answer the legislative requisition as to what shall be admitted as *prima facie* evidence. (2 Starkie on Ev. 331, *n.* 2 ; 1 Greenl. on Ev. § 486, 488 ; 1 Johns. 385.)

EWING, Judge, delivered the opinion of the court.

On the trial of this cause, the plaintiff offered to read in evidence certain conveyances executed in the state of Ohio in connection with a law relating to deeds, &c., contained in a printed volume, on the page next to the title page of which are these words : " Statutes of the State of Ohio," and on the title page of which is the following : " By authority of the General Assembly. Statutes of the State of Ohio, of a general nature, in force August, 1854, with references to prior repealed laws : collated and compiled by Joseph R. Swan. Published in pursuance of the act of the General Assembly of April 10, 1854. " On the back of which in print are these words : " Swan's Revised Statutes of Ohio, Derby's edition, 1854. " The instruments and the volume were excluded, to which exceptions were saved, and this ruling of the court is assigned for error.

In the revision of 1835, the printed statute books of sister states and territories, purporting to be printed under an authority of such states or territories, were made evidence of their legislative acts. (R. C. 1835, p. 250.) In Bright et al. v. White, 8 Mo. 421, it was decided that a printed volume, entitled " The Statute Laws of the State of Tennessee, of a public and general nature, revised and digested by John Haywood and Robert L. Cobb, by order of the General Assembly. T. T. Haskell, printer and publisher," was not evidence of that statute, because the book did not purport to be printed under the authority of the State.

In 1845, the foregoing provision was reënacted and at the

same time this additional section was incorporated into the act concerning evidence, namely : " The printed volumes purporting to contain the laws of a sister state or territory shall be admitted as *prima facie* evidence of the statutes of such states and territories." Both of these sections are contained in the statutes of 1855.

Under the last named provision it is manifestly not necessary that the statutes should purport to be printed under the authority of the state in order to be admissible as evidence, and this was the distinction intended between this and the act of 1835. The object of the last enactment, 1845, was to dispense with the requisite of state authority, held to be necessary under the act of 1835, and to admit as evidence the printed volume of any sister state, purporting to contain, as this did, the laws of such state. This is now the only test of admissibility, and the statute, in making it *prima facie* evidence, presumes its genuineness, but this presumption it ·is competent to the adverse party to rebut.

Judgment reversed and the cause remanded ; Judge Napton concurring. Judge Scott absent.