40 222
86a 470

ELIZA KING, Respondent, *v.* ALBERT PEARCE, Appellant.

1. *Practice— Continuance.* — The ruling of the court in refusing to grant a motion for a continuance being entitled to every intendment in its favor, its judgment not revised.
2. *Agency—Contract.*—If the agent be false to his trust, or wrong his principal, the latter has his remedy; but a party *trusting him in good faith*, within the scope of his authority, cannot suffer thereby.

*Appeal from St. Louis Court of Common Pleas.*

*G. P. Strong*, for appellant.

*T. T. Gantt*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The matter stated in the affidavit for a continuance, taken in connection with what transpired at the previous term, is not sufficient to warrant this court in interfering with the

King v. Pearce.

ruling of the Common Pleas, overruling the defendant's application. At the previous term, the motion for a continuance was on the ground that the plaintiff and Capt. Artus were indispensable witnesses. At the term when the cause was tried, no efforts had been made to procure the testimony of these two witnesses, nor was it suggested that they were at all material; but the continuance then prayed for was on account of the absence of Hescox, and the inability to take his deposition. From a reading and inspection of the two affidavits, and looking into the matter stated as reasons for desiring the evidence of the different witnesses at the respective terms, the court might well have concluded that the motion was merely for delay. Such being the fact, and as there is no flagrant abuse of power exhibited, and the ruling of the court below being entitled to every intendment in its behalf, there is nothing here in that regard requiring a revision.

The record shows that Henly purchased the cotton as agent of defendant, and that it was actually received and appropriated by the defendant. At the time the contract was entered into and the purchase made, Henly showed plaintiff the defendant's letter of July 29, 1862, authorizing him to buy cotton, and stating that he would deposit the purchase money in bank at St. Louis, if the seller preferred it. In the unsettled state of the country where plaintiff resided, it was hazardous and unsafe to keep money, and therefore she sold, taking a receipt that the money should be paid at some future time, or deposited in bank for her use. The evidence does not afford any pretence for saying that the contract was made with the agent in his individual capacity and not with the principal. But if there was any doubt about that question, it was left to the jury under instructions in the most favorable aspect for the defendant.

If the agent has been false to his trust, or wronged his principal, the latter has his remedy; but the plaintiff, who acted in good faith, ought not to be made to suffer thereby.

Judgment affirmed. The other judges concur.