W. W. HAYS *et al.*, Respondents, v. RICHARD MERKLE, Appellant.

St. Louis Court of Appeals, May 12, 1896; Motion for Rehearing Overruled May 26, 1894.

Foreign Judgment: APPEARANCE FOR JUDGMENT DEBTOR: DENIAL OF AUTHORITY: PLEADING. In an action on a foreign judgment the judgment debtor may show that the appearance therein of persons assuming to act as his attorneys was without authority; and this may be shown under a general denial.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Eber Peacock* for appellant.

*F. J. McMaster* for respondent.

BOND, J.—Richard Merkle, of St. Louis, was a creditor of the Steinhauser–Merkle Supply Company, of Wichita, Kansas. To secure this indebtedness he went to Wichita in May, 1888, and obtained a chattel mortgage on the stock of said corporation, which also executed a mortgage of its accounts to the Citizens Bank of Wichita, another creditor, and at the same time turned over to its attorney Houston about $1,000 of solvent accounts for his fees past and future. Merkle placed his son in charge of the mortgaged effects, and returned to St. Louis. There was evidence, given by the attorney Houston and his partner, to the effect that before Merkle returned to St. Louis he told them to do whatever they thought best in case of any levy of attachment upon the mortgaged goods, and to consult

with his son and follow any directions received from Mr. Peacock, who was his general attorney at St. Louis.   Upon this authority these attorneys in the fall of 1888, after the departure of Merkle, began a replevin suit in his name and that of the Citizens Bank as plaintiffs against the sheriff of Sedgwick county, Kansas, and the parties at whose instance a writ of attachment had been levied on the mortgaged goods. This replevin suit was dismissed under the following proceedings of the district court of Sedgwick county, Kansas:

"Now, to wit, on the sixth day of March, A. D. 1894, it being the regular January, 1894, term of said district court of Sedgwick county, Kansas, the above-entitled cause comes on for trial in its regular order, the plaintiff, the Citizens Bank, appearing by Stanley & Hume, its attorneys, and the defendants, and each of them appearing by their attorney, C. H. Brooks.   The plaintiff, Richard Merkle, failing to appear either in person or by attorney, and Stanley & Hume, attorneys for the Citizens Bank, in open court disclaiming any right or authority to prosecute said action on behalf of said Richard Merkle, and it further appearing to the court that the property in controversy was delivered to the said Richard Merkle, plaintiff, by virtue of the order of delivery issued in this cause, and it appearing to the court that the said Richard Merkle has failed to prosecute this action, the court doth thereupon on application of the defendants, and each of them, by their attorney, C. H. Brooks, proceed to inquire into the right of property, and right of possession of the defendants to the property taken by the order of delivery in this case as between the plaintiff, Richard Merkle, in this cause and the defendants.

"After considering the proofs submitted, the court finds that at the time of the taking of said property under the order of delivery, to wit, on the seventh day

of November, 1888, the same was of the value of $1,298.90.

"The court further finds all the issues in said cause generally in favor of the defendants as against the plaintiff, Richard Merkle.

"The court further finds that the property in controversy was all delivered to said Richard Merkle, plaintiff, by virtue of the order of delivery issued in this cause, and possession thereof was retained by said Richard Merkle."

Then follows the judgment for possession or return, and, if that can not be had, then the money judgment.

Three days after the rendition of this judgment defendants therein moved for new trial, reciting in such motion that the judgment sought to be vacated was rendered on the eighth day of March. The court sustained said motion upon consent of counsel for the Citizens Bank and granted a new trial of the issues between it and the defendants, and thereafter rendered judgment dismissing said cause as to the Citizens Bank on the ground that it "had no joint title or interest or lien upon the personal property described in the petition." The present action is by the defendants in the replevin suit upon the judgment rendered therein in their favor against Merkle.

The answer is a general denial. The cause was tried by the court, a jury being waived, and judgment given for plaintiffs for $1,737.56, from which defendant appeals.

The controlling question in this case is as to the authority of the Kansas attorneys to bring the joint replevin suit on behalf of plaintiff and the Citizens Bank of Kansas as coplaintiffs. This is an action on a foreign judgment rendered against defendant in that case; hence it is competent for him, under an answer con-

taining a general denial, to show that the appearance therein of the persons assuming to act as his attorneys was without authority. *Bradley v. Welch*, 100 Mo. 258, affirming *Eager v. Stover*, 59 Mo. 87; *Napton v. Leaton*, 71 Mo. 358. After a careful examination of the record we are forced to the conclusion that it contains no substantial evidence that defendant authorized Houston and Bentley, the Kansas attorneys, to bring the said replevin suit. The facts are that the replevin suit was not brought for several months following the attachment of the property replevied. At the time of its institution the business conducted for defendant by his son had been closed out.

The son also testifies that he was never consulted by Houston and Bentley in reference to the replevin suit; that he did not receive the property or its proceeds; that he fully represented his father, who was a nonresident; that he never in any manner authorized the bringing of said replevin suit; that, at the time it was brought, he had sold out the property placed in his hands under the mortgage in favor of his father, and remitted the proceeds. Eber Peacock, the general attorney of defendant in St. Louis, testifies that he never was consulted or advised as to the bringing of said replevin suit; that, when he learned of the attachment, he advised his client to take no further steps but to abide his remedy on the attachment bond, and that he never at any time authorized the subsequent replevin suit. The defendant testifies that he never heard of the replevin suit in his name, and never authorized the Kansas attorneys to bring the same.

The testimony of these attorneys only tends to show a general statement made to them by defendant in May, 1888, to the effect that they were to represent his interest under the mortgage made to him at that time, but, in so doing, they should consult with his

son, who was on the ground, and confer with his general attorney in St. Louis. It was apparent that the authority thus given to the Kansas attorneys was limited as stated at the time, and also that it could not in reason be extended to a period after the selling out of the property mortgaged to defendant in Kansas and the remission of the proceeds. After the closing out of the business intrusted to R. L. Merkle by defendant, he no longer represented his father. Steinhauser never represented defendant, who was his father-in-law. Long prior to the replevin suit he engaged in a different business (real estate); and he never at any time had any authority to employ attorneys for his father-in-law. The testimony of Steinhauser shows that it was he who employed Houston, who was the attorney for him in his real estate business, to bring the suit; that the son-in-law never informed defendant as to the institution of the replevin suit; that the property, when replevied, was delivered to the son-in-law, who appropriated its proceeds after paying a part of them to said attorney. The bond given for the replevy of the property did not purport to be signed by defendant, but only by a surety named Lynch procured by said Steinhauser.

The record further shows that the judgment in the replevin suit against defendant was rendered upon his nonappearance, and upon the nonappearance of any counsel on his behalf; that the finding in said replevin suit against defendant was based upon a default. Neither does the record show technical regularity in the transfer of the replevin suit from a court in Sedgwick county to the district court of said county, where the judgment sued on was rendered.

From the foregoing facts and others shown in the record we are satisfied that the attorneys Houston and

Bentley were not authorized by defendant to institute the replevin suit in Kansas, wherein the judgment against defendant now sued on was rendered. The result is that the judgment rendered therein is void as to defendant for want of jurisdiction of his person, and furnishes no ground for the present action. The judgment of the circuit court against defendant will, therefore, be reversed. All concur.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The plaintiffs claim that we overlooked certain parts of the record which have a tendency to show that, even if Houston and Bentley had no original authority to institute the replevin suit, yet the defendant's subsequent conduct furnishes evidence of ratification of their acts in so doing. We have examined the evidence, and, while we do not feel warranted in receding from our conclusion, we concede that there is a probability of the plaintiffs making a better showing upon retrial. They will probably be able to show that the defendant did get the benefit of the goods replevied, to wit, that they were turned over to his son while he was still engaged in closing out his father's business, or show that the defendant's general attorney in St. Louis was advised, after defendant's son had authorized the institution of the replevin suits, that the deposition which he took in the *Oliver and Imboden* case was a replevin suit brought in defendant's name to recover goods attached in the hands of his son at or about the time of the institution of the suit against the sheriff claiming for Hays. There is some evidence in the record giving rise to a *surmise* to that effect, but the evidence is insufficient to found a judgment upon. If the facts in these particulars are as claimed by plaintiffs, they can show them by satisfac-

tory evidence. That they may have an opportunity to do so, the judgment will be modified to the extent of remanding the cause for new trial. All the judges concur.