70 509
77 582
70 509
86 472

W. W. HAYS *et al.*, Respondents, v. RICHARD MERKLE, Appellant.

St. Louis Court of Appeals, April 20, 1897.

1. **Corporations, Foreign:** RIGHT TO SUE IN STATE. Any foreign corporation, not engaged, nor about to engage, in business in this state, may bring suit in the state. The act of 1895 (Session Acts 1895, p. 75), has no application to such corporations.

2. **Judgment, Foreign:** VALIDITY. A foreign judgment, valid on its face, when made the ground of an action in this state, is conclusive, where it appears that the court rendering the judgment had jurisdiction of the person, and the subject-matter of the suit.

3. **Attorneys, Ratification of Acts of:** EVIDENCE: FINDING. Where the record contains evidence of the ratification by a party of the acts of attorneys in bringing suit in his name, and the trier of the fact has so found, the appellate court will not review his conclusion upon the facts.

*Appeal from the St. Louis City Circuit Court.*—HON. B. VALLIANT, Judge.

AFFIRMED.

*Eber Peacock* for appellant.

The Oliver & Imboden Company, one of the plaintiffs and real party in interest, is alleged to be a corporation of Kansas, and no averment is made in the petition showing its right to maintain an action in this state. It was error in the court to overrule this objection. Session Acts, Mo., 1891, p. 75; *Carson-Rand Co. v. Stern*, 129 Mo. —; *Paul v. Virginia*, 3 Wall. 168; *Ducat v. Chicago*, 10 *Id.* 410; *Ins. Co. v. Needles*, 113 W. S. 574.

The transcript of the record of the district court of Sedgwick county, Kansas, read in evidence, does not

show that the court obtained jurisdiction over the subject-matter. R. S., Kan., secs. 181, 182, 3980, 3982, 4264; *Broon v. Woody*, 64 Mo. 547; *Hoen v. R. R.*, *Id.* 561; *Adams v. Cowles*, 95 *Id.* 507.

The Oliver & Imboden Company was never served with the order of delivery, nor was any property taken out of its possession by the coroner, and the return fails to show that it was taken out of the possession of any of the defendants. The return should be complete in itself, and can not be helped by inference. *Eager v. Storer*, 59 Mo. 89.

If the sheriff, Hays, had possession of the goods under attachment, then the Oliver & Imboden Company did not have them, and the judgment was a nullity. *Davis v. Randolph*, 3 Mo. App. 456, 457; *Caldwell v. Stephens*, 57 Mo. 596.

Houston & Bentley, as attorneys, nor either of them, had any authority to commence this suit in the name of *Richard Merkle v. W. W. Hays* and the *Oliver-Imboden Co. Coal Co. v. Estate of Slevin*, 56 Mo. App. 107; Weeks on Atty's, secs. 185, 197, 199; *Hays v. Merkle*, 67 Mo. 55.

Under the circumstances the deposition of Merkle could not be treated as a ratification. *Renlo v. Dandridge*, 8 Gill. & J. 323; *Baldwin v. Burrows*, 47 N. Y. 212; *Winsor v. Bank*, 18 Mo. App. 665, 675; *Moore's Ex'r v. Patterson*, 28 Pa. St. 505; *Stuenkle v. R'y*, 42 Mo. App. 73.

*F. J. McMaster* for respondents.

A suit can be maintained on a judgment such as was rendered by the district court of Sedgwick county, Kansas. *Smith v. Kander*, 58 Mo. App. 61.

The taking of the property by the coroner and turning it over to the defendant herein under the order

of delivery gave jurisdiction. Freem. on Judg., sec. 119; *Cooper v. Reynolds*, 10 Wall. 308; *Furrow v. Chapin*, 13 Kan. 107; *Abernathy v. Moore*, 83 Mo. 71.

The order of delivery was legally and properly issued, and a sufficient return made thereon. *Lackey v. Seibert*, 23 Mo. 94; Freem. on Judg., sec. 130; *State v. Wilson*, 24 Kan. 52; *Furrow v. Chapin, supra.*

The attorneys who instituted the suit for defendant had authority to do so. *Hoppe v. Saylor*, 53 Mo. App. 7, 8; *Brown v. Parsons*, 37 Pac. Rep. 346.

Defendant has reaped the fruits of a judicial proceeding, and can not now be heard to question it. *Austin v. Loring*, 63 Mo. 22; *Fischer v. Siekman*, 125 *Id.* 180; *Clyburn v. McLaughman*, 106 *Id.* 524; *McClanahan v. West*, 100 *Id.* 323.

BOND, J.—The petition alleges that plaintiff, W. W. Hays, was sheriff of Sedgwick county, Kansas; that the coplaintiff, the Oliver & Imboden Company, was incorporated and is engaged in business in that state; that defendant replevied certain personal property from said parties in the district court of Sedgwick county, Kansas; that upon a trial of said suit judgment was rendered for the defendants therein for the redelivery of the property, or failing that, the recovery of $378.50 and costs. The petition alleges that said judgment was not complied with, wherefore the defendants therein bring the present action.

The answer denies that the defendant herein authorized the suit in question, denies that he received any property thereunder, or that any was taken from the defendants in said suit, and further denies that the judgment sued on is valid.

The reply is a general denial. The cause was submitted to the circuit court without a jury, and judg-

ment given for the plaintiffs, from which this appeal is prosecuted.

The first error assigned is that one of the plaintiffs, the Oliver & Imboden Company, being a Kansas corporation, was not authorized to maintain an action in this state. This is untenable. The Session Acts of 1891, page 75, are in terms directed against foreign corporations, who propose "to transact business in this state, or to continue business therein." It is only when such corporations are doing, or about to do business in this state, that they become subject to the requirements and prohibitions of the act. All corporations wherever created, neither engaged or about to engage in business in this state, are not included in the operation of the statute in question, and are entitled to sue in this state upon the principle of comity. There is nothing in the record in this case which discloses that the corporation, co-plaintiff, though created in Kansas, proposes to begin, or has ever transacted any business in Missouri, hence the act in question forms no obstacle to its joinder in the present suit.

FOREIGN corporation: right to sue in state.

The next error assigned relates to the validity of the judgment upon which this action is brought. The judgment is regular and formal on its face and duly authenticated. It is similar to a judgment in a replevin suit rendered in the state of Wisconsin, and which the Kansas City court of appeals held might be the basis of a recovery in an action of debt. *Smith v. Kander*, 58 Mo. App. 61. The general rule is, that a foreign judgment, valid on its face, when made the ground of a suit in this state, is conclusive as to all matters except jurisdiction of the subject-matter and of the person of the defendant. *Williams v. Williams*, 53 Mo. App. *loc. cit.* 619. The judgment under review is not open to objection for

FOREIGN judgment: validity.

want of jurisdiction of the subject-matter, since the return shows that the *res* was seized by the proper officer and turned over to the plaintiff in that case under an order of delivery. Neither can it be attacked for want of jurisdiction by the Kansas court of the person of plaintiff in said action. It may be conceded for the argument, that there is no substantial evidence of original employment of attorneys to represent him in that court, as we found such proof was lacking in the case of *Hays, Sullivan and Steinmetz v. Merkle*, 67 Mo. App. 55, where a somewhat similar state of facts as to original employment was presented. But the present record contains evidence of ratification by defendant of the act of the attorneys who brought the suit in his name, which was wholly wanting in the case cited. The record now before us shows that defendant gave a deposition used on the trial of the case, resulting in the judgment on which this action is founded, wherein he, among other things, stated that he was plaintiff in that action, and claimed the goods replevied in his name under a mortgage executed to him by the creditor against whom the writ of attachment ran, which had been levied upon the goods, and that this deposition was used on the trial of that case. We can not say that this testimony did not afford substantial evidence, in connection with the other facts in the record, that the defendant with full knowledge of the bringing of said suit in his name ratified and adopted the action of the attorneys who had assumed to act for him, and as the trier of the fact found in accordance with this theory, his conclusion upon the facts is not reviewable by us. The result is the judgment herein will be affirmed.

All concur.