W. W. Hays et al., Appellants, v. Richard Merkle, Respondent.

St. Louis Court of Appeals, January 24, 1899.

Practice, Appellate: CONFLICTING TESTIMONY.   Where the testimony is conflicting this court will not disturb the findings of the trial court unless the preponderance of the evidence is so great as to raise the presumption of mistake, passion or prejudice on the part of the trier of the fact.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

EDWIN WHITE MOORE and F. J. McMASTER for appellants.

The action of defendant's attorneys in bringing the replevin suit of Richard Merkle v. W. W. Hays and Sullivan & Steinmetz, in the district court of Sedgwick county, Kansas, in which the judgment was rendered that is the subject of litigation herein, was ratified by defendant. Defendant and his general attorney in St. Louis, were advised, after defendant's son had authorized the institution of the replevin suits in the district court of Sedgwick county, Kansas, that the deposition which defendant's general attorney took, and which defendant gave in the case of Richard Merkle v. W. W. Hays and the Oliver & Imboden Company was in a replevin suit brought in defendant's name to recover goods attached in the hands of his son at or about the time of the institution of the suit, the judgment in which is the cause of action herein. Opinion on motion for rehearing. Hays v. Merkle, 67 Mo. 60. Defendant got the benefit of the goods replevied, in the case in which the judgment was rendered that is the subject of litigation herein, and they were turned over to his son while he was still engaged in closing out his father's business in Wichita, Kansas. Opinion on motion for rehearing. Hays v. Merkle, 67 Mo. 60. The attorneys who instituted the suit of Richard Merkle v. W. W. Hays and Sullivan & Steinmetz in the district court of Sedgwick county, Kansas, in which the judgment was rendered that is the subject of litigation, herein had authority from defendant herein to institute the same. * * * Mechem on Agency, sec. 707 *et seq.;* Johnson v. Hurley, 115 Mo. 513 ; McLachlin v. Barber, 64 Mo. 511.

EBER PEACOCK for respondent.

The brief, as presented by appellant, does not comply with rule 15 of this court, in that it does not contain a clear and concise statement of the pleadings and facts shown by the record. The statement of counsel showing his conclusions can not be taken in lieu of an abstract or statement as above. Clark v. Fairley, 100 Mo. 236; Jayne v. Wine, 98 Mo. 404; Coy v. Robinson, 20 Mo. App. 462. This case was in the court of appeals before, and the question of the authority of Houston & Bentley in assuming to act as attorneys for Richard Merkle in instituting the suit of the Citizens' Bank and Richard Merkle v. W. W. Hays, Charles Sullivan and George Steinmetz, was determined against such original authority; and such adjudication became the law of the case. Hamilton v. Marks, 63 Mo. 167; Hays v. Merkle, 67 Mo. App. 60; James v. Fender, 82 Mo. 497. When the case went back to the circuit court the only open question was that of ratification by subsequent conduct, and this was affirmative matter, and should have been pleaded. Webb v. Allington, 27 Mo. App. 559; Wade v. Hardy, 75 Mo. 399; Kersey v. Garten, 77 Mo. 645; Stones v. Richardson, 21 Mo. App. 17; Noble v. Blount, 77 Mo. 235; Bank v. Armstrong, 62 Mo. 59. The burden of proving a fact is in the party who asserts the affirmative of the issue. Cravans v. Gillilan, 63 Mo. 28; Glover v. Henderson, 120 Mo. 367. And a party is precluded from making proof of matter not pleaded or of having an instruction thereon. Halpin Mfg. Co. v. School District, 54 Mo. App. 371; Bank v. Doran, 109 Mo. 40; Bank v. Armstrong, 62 Mo. 59-66. The rule as to pleading is as applicable to counts as to defenses. Roberts v. Railroad, 43 Mo. App. 287. Where authority is denied the *onus* is on plaintiff to show its grant by the principal, or ratification of the acts claimed to be done with full knowledge of the

facts.   Cravans v. Gillilan, 63 Mo. 28; Steunkel v. Railway,. 42 Mo. App. 73; Hyde v. Larkin, 35 Mo. App. 365.   The cause was submitted to the court below without a jury; no instructions were asked by plaintiff; none given in the case.   The judgment below should therefore be affirmed. James v. Henderson, 74 Mo. App. 280; Rice v. Harper, Ibid, 383; Church v. Church, 73 Mo. App. 421.   This was a void judgment under the Kansas law as well as under Missouri law.   R. S. Mo. 1889, sec. 7490; Hays v. Bank, 51 Kan. 535.   The Kansas record shows the judgment against Merkle to have been set aside, and no further action taken with respect to it.   Not being final it was no cause of action, a final judgment must dispose of all parties to the record. Beshears v. Banking Ass'n, 73 Mo. App. 293; St. Francis Mill Co. v. Sugg, 142 Mo. 364; Caulfield v. Farish, 24 Mo. App. 111.   An authority to do an act in the name of a principal confers no authority to join another with the principal, or even with the agent.   Stainback v. Read, 11 Gratt. 28. And there is no pretense that Merkle ever heard of such joinder of the Citizens' Bank with him until December 24, 1889, when the letter was sent to Houston when Merkle immediately repudiated the whole affair.   Parties are presumed to have introduced all their proof and will be conclusively presumed to have done so.   Taylor v. Heitz, 87 Mo. 660.   Ratification to be available must be shown to have been the result of full knowledge of all the circumstances. Winsor v. Bank, 18 Mo. App. 665; Baldwin v. Bunous, 47 N. Y. 211-212.   *   *   *

BIGGS, J.—This is the second appeal in this case.   The opinion of the first appeal (67 Mo. App. 55) contains a full statement of the case.   It is only necessary to repeat that the suit is based on a judgment obtained against the defendant in the district court for Sedgwick county, Kansas.   The judgment was entered for the value of certain goods which

had been replevied in the case of Merkle v. Hays. That suit was brought in the name of Richard Merkle, the defendant herein, by Houston and Bentley, attorneys. In the present action Merkle denied the authority of Houston and Bentley to institute the replevin suit. The plaintiffs obtained judgment on the first trial, which we reversed on the ground that the evidence showed that Houston and Bentley were not authorized by defendant to institute the suit. We remanded the case for the reason that plaintiffs might be able to make a better showing on a retrial. We suggested that if on a retrial their evidence was supplemented by proof that Merkle got the benefit of the goods replevied or that Mr. Peacock, the defendant's general attorney in the city of St. Louis, was advised of the institution of another replevin suit brought in defendant's name by Houston and Bentley to recover goods belonging to defendant at or about the time of the institution of the replevin suit in controversy, that the circuit court would be justified in submitting the case to the jury. The case was retried upon substantially the same evidence except the testimony of E. W. Moore, Samuel J. Howe and W. H. Boone. This was additional evidence introduced by the plaintiffs. Moore stated that he had a conference with Peacock in the city of St. Louis as to the taking of the deposition of defendant in the other replevin suit in which Merkle was plaintiff and Imboden was defendant; that he represented Imboden; that he then informed Peacock, in the presence of defendant, that the replevin suit in controversy was pending in the district court. Howe testified that he was in Wichita when the goods were mortgaged by Steinhauser to Merkle; that the property was turned over to R. L. Merkle as agent of defendant, for sale, and that R. L. was engaged in selling the goods until late in the fall. Howe also testified that he represented one of the attaching creditors of Steinhauser, and that he saw defendant at the office

of Houston and Bentley, who were the attorneys for the defendants in the attachment. Boone testified that at the time the mortgage was given and the replevin suit was instituted he was a clerk in the office of Houston and Bentley; that Steinhauser delivered the goods under the mortgage to defendant; that the latter left them in charge of his son, R. L. Merkle, for sale; that a portion of this stock was attached by Hays; that R. L. Merkle authorized Houston and Bentley to replevy the goods so attached; that he then requested that the papers should not be filed until he could hear from the defendant; that he subsequently presented a letter from defendant authorizing him to proceed with the suit, and that thereupon the action was begun. He also testified that the goods were taken under the writ of replevin and delivered to R. L. Merkle, and that he afterwards sold them. The plaintiff also read in evidence a letter from Peacock to Houston and Bentley, in which he referred to his talk with Moore. He stated in the letter that Moore had informed him that the replevin suit now in controversy was pending, but he also stated that the defendant was not aware that the suit had been brought. The cause was submitted to the court sitting as a jury. The plaintiffs asked no instructions and none were given. The judgment was for the defendant and the plaintiffs have appealed.

There can be no question that the additional testimony introduced by the plaintiffs fully met our suggestions in the first opinion. Indeed it reaches further, because Boone testified that he read a letter from defendant to R. L. Merkle, in which he expressly authorized Houston and Bentley to institute the suit. Upon this proof counsel for plaintiffs argue that under our former opinion they were entitled to a judgment as a matter of law. In this they are mistaken. On the first trial the only proof relied on by plaintiffs to establish the authority of Houston and Bentley was evidence of a general character tending to show that at the time the mortgage was given it was understood that Houston and Bentley

were to defend all attachment suits that might grow out of the conveyance of the goods to Merkle. We held that this evidence had no tendency to prove authority on the part of attorneys to institute the replevin suit, and that therefore the circuit court committed error in submitting the case to the jury. Not wishing to deprive the plaintiffs of a reasonable opportunity to establish their cause of action, if they had one, we remanded the case and merely suggested that if plaintiffs' evidence was improved in certain respects a recovery would be upheld. We did not decide, as counsel contend, that if there was evidence of the omitted facts that the plaintiff would be entitled to a judgment as a matter of law.

Did Houston and Bentley have authority from defendant to institute the suit in replevin? That was the sole issue of fact at the trial. The evidence as to it was conflicting, therefore the only assignment of error open to plaintiffs is that the evidence so greatly preponderated in favor of plaintiffs that the finding and judgment of the circuit court must have been the result of mistake, passion or prejudice. This view has been presented with great ability by plaintiffs' counsel.

*Testimony conflicting.*

Unquestionably plaintiffs made a strong case. Boone swears positively that he read a letter from defendant to R. L. Merkle, in which he authorized his son to employ Houston and Bentley. As to this fact he is contradicted by defendant, and R. L. Merkle. Boone also testified that Houston and Bentley received several letters from defendant concerning the replevin suits. Houston and Bentley admit that they had no correspondence with defendant, and the latter swears that he did not write any letters to them. Boone also swore that the goods were turned over to R. L. Merkle and that he sold them. R. L. denies this statement, and testified that he closed out the entire stock of goods some two months prior to the institution of the replevin suit. Moore testified that he told Peacock in the presence of defendant that the replevin

suit was pending. Defendant denies this statement. The letter of Peacock to Houston and Bentley shows that Moore made the statement to him, but Peacock testified that he did not communicate the fact to defendant. Thus it appears that the new evidence introduced by plaintiffs was met at every point by contrary proof. Even though we believed the preponderance of the evidence was in favor of the plaintiffs, yet that would not be sufficient. The preponderance must be so great as to raise the presumption of mistake, passion or prejudice on the part of the trier of the fact. This we can not hold.

The judgment of the circuit court will be affirmed. All concur.