# FRICK COMPANY, Respondent, v. W. G. MARSHALL, Appellant.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Appellate and Trial Practice:** APPEAL FROM JUSTICE OF THE PEACE: AMENDING TRANSCRIPT: CHANGE OF VENUE. On an appeal from a justice's court, the circuit court has jurisdiction to allow the justice to amend his transcript by signing the same until a final order is made changing the venue of the cause; and the court's action in the matter can not be reviewed in the appellate court unless objection is made and saved in the bill of exceptions.

2. **Appellate Practice:** MOTION FOR NEW TRIAL: OBJECTION: ORIGINAL PAPERS. The original papers on an appeal from a justice are not part of the record, and the action of the trial court, to which the cause comes on a change of venue after an appeal, refusing to order the clerk of the court from which the change was taken to certify such papers, can not be reviewed on appeal unless saved in the motion for a new trial.

3. **Forcible Entry and Detainer:** APPEAL: AFFIDAVIT. The chapter of the Revised Statutes relating to forcible entry and detainer is a complete system in itself, and an affidavit for appeal does not have to be made in conformity to section 4062, Revised Statutes 1899, but is sufficient if it complies with section 7351.

4. ———: NEW BOND: CONTINUANCE: APPELLATE PRACTICE. The filing of a new bond does not entitle the defendant to a continuance, and besides, such applications are addressed to the discretion of the trial court and its action will not be disturbed unless abused.

5. **Trial and Appellate Practice:** OBJECTING TO EVIDENCE. Objections to evidence must specify the ground thereof, and a general objection in the trial court and specific ones in the appellate court will not be tolerated.

Frick Co. v. Marshall.

6. **Evidence:** LAWS OF ANOTHER STATE: REPRESENTATION: CORPORATION. Under section 3089, Revised Statutes 1899, printed volumes purporting to contain the laws of a sister state are admitted in testimony as *prima facie* evidence of such laws, and such volumes are not required to purport to be published by authority of such state; and where a certificate of incorporation of a sister state is admitted, the laws of such state are likewise admissible.

7. ———: DEPOSITION: FILING. On the trial of an appeal from the justice's court where a change of venue has been taken after the appeal, a deposition is not to be refused when offered in evidence because it does not appear to have been filed in either of the circuit courts, since it may have been filed in the justice's court. Besides, a judgment will not be disturbed for such irregularities.

8. **Forcible Entry and Detainer:** DATE OF PLAINTIFF'S DEED: PAROL EVIDENCE. In an action of forcible entry and detainer the date of plaintiff's deed is immaterial; and besides, it could not be shown by parol evidence without proper foundation laid.

9. ———: DEMURRER TO EVIDENCE. A demurrer to the evidence was properly overruled.

10. **Foreign Corporations:** SUIT: STATUTE. A foreign corporation not engaged in business or about to engage in business in this state may sue in this state upon principles of comity, and section 1025, Revised Statutes 1899, is not applicable.

11. ———: REAL ESTATE: FORCIBLE ENTRY AND DETAINER. A foreign corporation owning real estate in this state may sue by forcible entry and detainer to recover possession thereof from a tenant who is holding over; and it is no defense that the premises are held in violation of law.

Appeal from the Clay Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*II. L. Strohm* for appellant.

Frick Co. v. Marshall.

(1) The circuit court of Jackson county, after application for change of venue had been duly presented, had jurisdiction to make no judgments or orders in the case, except to sustain or overrule defendant's motion for change of venue. R. S., secs. 4068, 4069. An amended transcript of a justice can not be filed in the circuit court without order of court. Moulder v. Simpson, 63 Mo. App. 34; Smith v. Chapman, 71 Mo. 217; Norton v. Porter, 63 Mo. 345. (2) The circuit court of Clay county erred in overruling defendant's motion to enforce its order thereinbefore made requiring the clerk of the circuit court of Jackson county to certify to Clay county court all the original papers in this cause on file in his office not part of the record. R. S. 1899, sec. 825; Gilstrap v. Felts, 50 Mo. 428; Henderson v. Henderson, 55 Mo. 534; Morrison v. Yancey, 23 Mo. App. 674. (3) The circuit court of Clay county erred in. overruling defendant's motion to dismiss the appeal for want of a sufficient affidavit of appeal. R. S. 1899, sec. 4062; VanScoyoc v. Woolfe, 73 Mo. App. 430. (4) The circuit court of Clay county upon permitting the plaintiff to file an amended appeal bond herein, erred in requiring defendant to proceed to immediate trial over the objections of defendant. R. S. 1889, sec. 688; Kuh v. Garvin, 125 Mo. 547; Pifer v. Stanley, 57 Mo. App. 516. (5) The circuit court of Clay county erred in overruling defendant's objection to introduction of evidence under the complaint filed. (6) The circuit court of Clay county erred in admitting evidence. The certificate of the Secretary of the State of Pennsylvania, to prove incorporation, without the introduction of legal proof of the laws of Pennsylvania governing same. Brightly Purdon's digest of the laws of Pennsylvania, introduced in evidence by plaintiff, does not purport to be published by the authority or direction of the state of Pennsylvania. R. S. 1899, sec. 3085; R. S. 1899, sec. 3086; R. S. 1899, sec. 3097;

Vol 86 app—30

Bright v. White, 8 Mo. 421.   (7) The circuit court erred in admitting the deposition of Ezra Frick, it never having been filed or made of record in this cause, nor was it certified to this court from the circuit court of Jackson county.   (8)   The circuit court of Clay county erred in excluding proof, of the date of the deed, held by the plaintiff, to the property in controversy.   (9) The circuit court of Clay county erred in overruling defendant's demurrer to the evidence.   (10) The circuit court of Clay county erred in giving the instruction asked by the plaintiff.

*C. F. Mead* and *John T. Marshall* for respondent.

(1) The circuit court of Jackson county did not err in permitting the justice of the peace to sign his certificate to the transcript of the proceedings before him.   It is not the motion for, but the order granting, the change that divests the court of jurisdiction.   R. S. 1899, secs. 3385, 4068; State v. Brumley, 53 Mo. App. 126; Railroad v. Railroad, 118 Mo. 599. (2) The objection of the defendant was not that the original papers were not in court, but that they were not certified by the clerk of the circuit court of Jackson county to be all the original papers; this objection was frivolous and could only have been for the purpose of delay.   R. S. 1899, sec. 825; Gilstrap v. Felts, 50 Mo. 428.   (3) The affidavit for appeal, filed by respondent before the justice of the peace, is in the form prescribed by the Forcible Entry and Detainer Statute, Revised Statutes 1899, sec. 3371, and is correct.   Carter v. Tindall, 28 Mo. App. 316; Johnson v. Fischer, 56 Mo. App. 552; Hastings v. Hennessey, 52 Mo. App. 172.   (4) The refusal by the trial court of a continuance to appellant on the filing by respondent of a new appeal bond herein was not error.   R. S. 1899, sec. 3386; R. S. 1899, sec. 683; King v. Pearce, 40 Mo.

222; Kinney v. Springfield, 35 Mo. App. 97; Colhoun v. Crawford, 50 Mo. 458; Keltenbaugh v. Railroad, 34 Mo. App. 147. (5) The certificate of the secretary of the state of Pennsylvania to prove the incorporation of plaintiff was admitted in evidence without objection and the action of the trial court in that regard can not now be reviewed. State v. McCollum, 119 Mo. 469; Maxwell v. Railroad, 85 Mo. 95; Logan v. Enterprise, etc., Co., 47 Mo. App. 510; Dementz v. Benton, 35 Mo. App. 599. The certificate of incorporation, having been received in evidence without objection the book containing the laws of Pennsylvania to show that the corporation was in accordance with the laws of Pennsylvania, could not have done the defendant any harm. But the book was admissible in evidence under section 3089, Revised Stautes 1899, as was, "Mansfield's Dig. of the Laws of Ark.," in Williams v. Williams, 53 Mo. App. 617. (6) The objection to the admission of the deposition of Ezra Frick in evidence, that it did not show that it was filed in the circuit court of Clay county or the circuit court of Jackson county, was not a valid one as the abstract of the record filed by appellant shows that the case was first tried before a justice of the peace. (7) Not only was the date of the deed conveying to respondent the premises in controversy immaterial, but parol testimony is not admissible to prove the date of the deed until the proper foundation is laid for it. R. S. 1899, sec. 3116; Benton v. Craig, 2 Mo. 198; Morton v. Heidorn, 135 Mo. 608; Frank v. Reuter, 116 Mo. 517. (8) The defendant's demurrer to the evidence was properly overruled, as the evidence not only tended to prove the allegations in the complaint, but did prove them by direct and positive testimony. Noeninger v. Vogt, 88 Mo. 589; Bank v. Hainline, 67 Mo. App. 483. (9) The complaint was sufficiently verified. R. S. 1899, sec. 3324. (10) The instructions asked by defendant were based on a denial of the land-

lord's title by the tenant and were for that reason, standing alone, properly refused. In an action of unlawful detainer the merits of the title can not be inquired into. R. S. 1899, sec. 3343; May v. Luckett, 54 Mo. 437; Silvey v. Summer, 61 Mo. 253; Pierce v. Rollins, 60 Mo. App. 497. (11) In cases where lands held by aliens or corporations in violation of law do escheat, the state alone can' take advantage of it, and the alien or corporation can hold the lands until office found, and maintain suits and actions in the courts in regard to them. Chambers v. St. Louis, 29 Mo. 543; Hanrick v. Hanrick, 54 Tex. 101; Johnson v. Elkins, L. App. Dist. of Columbia 430; Mortgage Co. v. Tennille, 87 Ga. 28; Mortgage Co. v. Cartens, 16 Wash. 165; Shewalter v. Pirner, 55 Mo. 218; Ins. Co. v. Smith, 117 Mo. 261. (12) There is no evidence that plaintiff ever carried on any part of its business in this state. Plaintiff was not forbidden by section 1025, R. S. 1899, to own and rent property in this state, collect the rents therefrom and recover possession thereof. Nor is the act leveled against entirely non-resident corporations. Heating Co. v. Fixture Co., 60 Mo. App. 148; Hays v. Merkle, 70 Mo. App. 509; Blevins v. Fairley, 71 Mo. App. 259.

SMITH, P. J.—This is an action for unlawful detainer commenced before a justice of the peace by the plaintiff, a Pennsylvania business corporation, against the defendant to recover the possession of a certain house and premises situate in Kansas City.

The cause was removed by appeal to the circuit court of Jackson county from whence a change of venue was awarded to Clay county, where there was a trial and judgment for the plaintiff and defendant appealed.

I. The defendant complains of the action of the circuit court of Jackson county in permitting the justice of the peace

before whom the action was brought to sign his certification of his transcript which through his inadvertence had been omitted. Nothing of the kind was preserved by any bill of exceptions. No mention of such an error is found in the motion for new trial, so we need not notice it here, further than to say that if it had been properly preserved it could not have been sustained. At any time before the final order changing the venue the Jackson circuit court had jurisdiction of the cause, and it was then but proper to allow the justice to amend his transcript in the particular already stated. R. S. 1899, sec. 4068.

II. And the objection that the court erred in overruling defendant's motion requiring the clerk of the Jackson circuit court to certify all the original papers in the cause not forming a part of the record can not be noticed by us, since no such objection was made one of the grounds of the motion for a new trial.

III. The defendant further complains of the action of the court in overruling his motion to dismiss the plaintiff's appeal for the reason that the affidavit for such appeal was not made in conformity to section 4062, Revised Statutes. The action of the court was entirely proper. The affidavit was made in conformity to section 3371, Revised Statutes. The provisions of section 4062, *ante,* have no application in a case of this kind. Chapter 29, Revised Statutes, which relates to forcible entry and detainer, is a complete system in itself for the government of proceedings begun under it. Carter v. Tindall, 28 Mo. App. 316; Hastings v. Hennessey, 52 Mo. App. 172.

IV. The action of the court in refusing to continue the cause on the filing of a new appeal bond was not erroneous. The statute provides that if the appeal bond is insufficient or defective a new bond may be filed within such time as shall not delay the trial. R. S. 1899, 3386. Besides, applications for

continuances are always addressed to the sound discretion of the court and its action will not be disturbed unless its discretion has been abused, which we can not see was the case here. King v. Pearce, 40 Mo. 222; Colhoun v. Crawford, 50 Mo. 458.

V. The defendant objects further that the court erred in permitting the introduction of any evidence under the complaint but on what ground, the bill of exceptions does not inform us. Objections to evidence must specify the ground thereof. A party can not be allowed at the trial to make a general objection to the introduction of evidence and then specify here for the first time the particular grounds thereof. Such a practice will not be tolerated.

VI. It is stated in the bill of exceptions that the plaintiff without objection gave in evidence the certificate of the secretary of state of Pennsylvania showing the plaintiff to have been a manufacturing corporation, but the certificate itself is not set forth; and in the same connection Vol. 1 of Brightly's Purdon's Digest of the Laws of Pennsylvania from 1700 to June 6, 1883, was given in evidence. To the introduction of the latter the defendant objected for the reason it does not purport to be the laws of Pennsylvania as published by the authority and direction of the state of Pennsylvania. While the title page of said book is not set forth so as we can examine the same for ourselves, yet we may say we discover no error in the ruling of the court in admitting it in evidence. Section 3089, Revised Statutes, provides that the printed volumes purporting to contain the laws of a sister state or territory shall be admitted as *prima facie* evidence of the statutes of such state or territory. The objection, as has been stated, is not that the book does *not purport to contain the laws* of Pennsylvania, but that it does *not purport to be published by authority of that state.* If it purported to contain, as we

must presume it did, the laws of such state, it need not purport to have been printed under state authority. Cummings v. Brown, 31 Mo. 309; Williams v. Williams, 53 Mo. App. 617. The certificate of incorporation having been received in evidence, the book purporting to contain the laws of the state was admissible in evidence to show that the incorporation was in accordance with such laws.

VII.   Defendant further complains that the court erred in overruling his objection to the reading in evidence of the deposition of Ezra Frick, on the ground that it was no part of the record having been neither certified by the clerk of the Jackson circuit court nor filed in that court.   The deposition as to certificate, etc., is incomplete and it is impossible for us to determine whether or not it had been filed in either of the two courts in which the cause has been pending.   It appears the cause was tried before the justice and it is likely the deposition was filed there; and if so, that was sufficient.   No further filing was required.   It is not pretended that the deposition had not been taken in pursuance of proper notice and was not properly certified.   The judgment can not be disturbed for any such irregularity, if such it was, and especially so since the action of the court was not prejudicial to defendant.

VIII.   The defendant offered to prove by one of the plaintiff's witnesses the date of the deed under which plaintiff claimed title to the premises in dispute which offer was by the court rejected; and of this the defendant complains.   This, it seems to us, was an immaterial fact; and if it was material it should have been proved in a different way.   There was no foundation laid for such parol proof.   It was not shown that the deed was lost or destroyed or that there was no record of it.

IX.   The defendant's demurrer to the evidence was properly overruled.   The evidence clearly showed that the defend-

ant had rented of the plaintiff the premises and was unlawfully holding the possession after the termination of the time for which they had been rented to him. So far as we can see, there was no reason shown why he should not make restitution.

X. The defendant requested two instructions: the first told the jury that if the plaintiff was a foreign corporation that it was not entitled to recover unless it had shown that before the trial of the action it had filed in the office of the secretary of state a copy of its charter or articles of incorporation, or a copy of its certificate of incorporation, and had received from the secretary of state a certificate to the effect that it had complied with the laws of the state; and the other, in substance, was that if the plaintiff had held the said premises for more than six years before the commencement of this suit, or that it was unauthorized by its charter to hold or traffic in real estate then it could not recover.

Any corporation wherever created, either engaged or about to engage in business in this state is not included in the operation of the act of 1891, p. 75—Revised Statutes 1899, section 1025—and is therefore entitled to sue in the courts of this state upon the principles of comity.

There is nothing in the record before us disclosing that plaintiff is now engaged or is about to engage in doing business in this state, so that the statute is not in the way of the plaintiff in prosecuting its suit. As the facts are made to appear by the record we think the statute is inapplicable in a case like this. Blevins v. Fairley, 71 Mo. App. 259; Hays v. Merkle, 70 Mo. App. 509; Heating Co. v. Gas Fixture Co., 60 Mo. App. 148.

And as to the second of said instructions, it is sufficient to say that the numerous authorities cited in plaintiff's brief conclusively show that if the plaintiff is holding the premises in dispute in violation of law that the state alone can take

advantage of it.   The plaintiff can hold such premises until an officer of the state can be found to maintain an action in such courts as are competent to declare that they do escheat.

It seems to us that the appeal is wholly destitute of merit. The judgment will be affirmed.   All concur.