WHITE, Respondent, v. REITZ et al., Appellants.

St. Louis Court of Appeals, March 3, 1908.

1. PRACTICE: Remittitur: Re-entry of Judgment. Where a judgment was rendered upon a verdict for plaintiff, and the court overruled the defendants motion for new trial on the condition that the plaintiff remit a part of the judgment, the entering of the remittitur nullified the judgment so that there should have been a new entry of judgment for the proper amount.

2. EVIDENCE: Statutes of a Sister State: "Purporting to Contain" Laws. Under section 3089, Revised Statutes 1899, a printed volume purporting to contain the laws of a sister State is admissible as prima-facie evidence of the laws of that State and it is not necessary that the volume should purport to have been printed by State authority; Shannon's Ann. Code of Tennessee was admissible in evidence to prove the statutes of that State.

3. FRAUD AND DECEIT: Scienter. A real estate broker having lands in another State for trade, while negotiating with another for an exchange of lands, wrote in answer to a letter of the other that he "had at one time owned the land (in the other

State) himself and knew the title was good," this was an asser-
tion of positive knowledge and if untrue was a fraudulent repre-
sentation, although the agent may have believed the statement
to be true; if relied upon and acted upon by the party to whom
it was made, he had an action for fraud and deceit.

4. **PRACTICE: Jury Question: Laws of Another State.** It is er-
ror to submit to a jury the interpretation of laws of another
State introduced in evidence; such laws must be interpreted
by the court.

5. **FRAUD AND DECEIT: Instruction Representations.** In an
action for fraud and deceit which induced the purchase of land
with no title in the seller, it is error to instruct the jury author-
izing a verdict for plaintiff if they should find that the title
was bad and that the defendant represented it to be good; such
an instruction ignores the question of fraud.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Watson & Holmes* and *J. B. Harrison* for appel-
lants.

(1) It was clearly erroneous for the court to admit
in evidence to prove the laws of Tennessee the book
offered by plaintiff. Charlotte v. Chauteau, 25 Mo. 465;
1 Greenleaf on Evidence, secs. 486-488; Pierce v. Ind-
seth, 106 U. S. 551; Bright v. White, 8 Mo. 425. (2)
The court erred in giving instruction numbered 1 on
the part of the plaintiff. In actions for fraudulent mis-
representations, where it is sought to set aside an instru-
ment, the execution of which is obtained by false and
fraudulent representations, or where it is sought to
recover damages for such representations, it must be
shown that the representations were as to the material
facts, such as were likely to deceive a man of ordinary
prudence, that they were intentional, that they were
relied upon, and that they contributed directly to the
injury. Brownlee v. Hewitt, 1 Mo. App. 360; Franklin
v. Holle, 7 Mo. App. 240; Levering v. Schnell, 8 Mo.

App. 589; Smith v. Dye, 1 Mo. App. 585; Lovelace v. Suter, 93 Mo. App. 429; McFarland v. Railroad, 125 Mo. 253; Edwards v. Knoll, 88 Mo. App. 434; Remedy Co. v. White, 90 Mo. App. 498; Bryan v. Hitchcock, 43 Mo. 527; Parker v. Marquis, 64 Mo. 38; Hamilton v. Mallet, 8 Mo. App. 584. (3) The court erred in refusing instructions numbered 1, 2, 3 and 4, asked on the part of the defendants. Desberger v. Harrington, 28 Mo. App. 632; State ex rel. v. Hope, 102 Mo. 412; Shoe Co. v. Miller, 53 Mo. App. 640; Jackson v. Wood, 88 Mo. 76.

*Lorts & Breuer* for respondent.

(1) The evidence adduced in this case on the part of the plaintiff was wholly relevant and material to the issues made by the pleadings, and no improper, incompetent or irrelevant testimony was admitted. The printed volume purporting to be the code of Tennessee, and to contain the laws of that State, was properly admitted in evidence to prove the laws of Tennessee. R. S. 1899, sec. 3089; Cummings v. Brown, 31 Mo. 309; Glen v. Hunt, 120 Mo. 330; Williams v. Williams, 53 Mo. App. 617. (2) The instructions in this case given by the court of its own motion for the plaintiff, together with those given for the defendant, in a modified form, fairly presented the law on the evidence, and the instructions asked by defendants were properly refused by the court. Smithers v. Bircher, 2 Mo. App. 499; Shinnobarger v. Shelton, 41 Mo. App. 157; Brownlee v. Hewitt, 1 Mo. App. 365; Remedy Co. v. White, 90 Mo. App. 498; Hamilton v. Mallet, 8 Mo. App. 584. (3) A false representation as to the title to land by which a party is induced to purchase, will be held a fraud, even though innocently made, for a party will not be permitted to keep the fruits of a bargain obtained by his representation which turns out to be false. Smithers v. Bircher, 2 Mo. App. 499; Glasscock v. Minor, 11 Mo. 655; Culver v. Smith, 82 Mo. App. 390; Herman v.

Hall, 140 Mo. App. 270; Clinkenburg v. Weatherman, 157 Mo. 105.

BLAND, P. J.—The action is for fraud and deceit in the exchange of land. Plaintiff's damages are laid at $5,000 in the petition. The jury found the issues for plaintiff and assessed his damages at $1,133.09, and judgment was rendered and entered of record for this amount. A timely motion for new trial was filed and being taken up by the court, "the court announced that the verdict was too great an amount and unless plaintiff would remit the sum of four hundred and thirty-three ($433.09) dollars and nine cents, the motion for a new trial would be sustained, but if such remittitur was made it would be overruled; whereupon the plaintiff in open court remitted the said amount of four hundred and thirty-three dollars and nine cents, leaving the amount of the verdict stand at seven hundred ($700) dollars and thereupon the court overruled said motion for a new trial; to which action of the court in overruling said motion for a new trial, the defendants in open court, by counsel, objected and excepted at the time." Whereupon defendants took and perfected their appeal to this court. No new judgment was entered after plaintiff remitted the sum of $433.09 of the original judgment and the appeal is from the judgment for $1,133.09. This judgment was nullified and, in effect, expunged from the record by the remittitur and a new entry of the judgment for the proper amount should have been made. [Schilling v. Speck, 26 Mo. 489; Tilford v. Ramsey, 43 Mo. 410; Haynes v. Town of Trenton, 108 Mo. l. c. 134, 18 S. W. 1003; Dawson v. Waldheim, 81 Mo. App. l. c. 638; s. c., 89 Mo. App. 245.] Technically, there was no final judgment in the cause from which an appeal could be taken. But it seems to us it would be judicial nonsense to dismiss the appeal for the reason the circuit court omitted to enter a proper judg-

ment after the remittitur was made. A dismissal would only have the effect of giving the trial court an opportunity to enter a proper judgment, as should have been done when the remittitur was entered, and thus put defendants to the trouble and additional cost of taking a second appeal. What we should do is, as was done in Schilling v. Speck, and Tilford v. Ramsey, supra, look into the record and if no reversible error intervened at the trial, enter here the judgment the circuit court should have entered, or remand the cause with directions to the circuit court to enter a proper judgment.

We will address ourselves to the case. The petition, in substance, alleges that on the solicitation of defendant Reitz plaintiff purchased of defendant Kaiser six hundred and forty acres of land in Fentress county, in the State of Tennessee, of the value of $5,000, and paid therefor in money and property $3,000; that Reitz represented to plaintiff that he was well acquainted with the land and it was well worth $5,000, that Mrs. Kaiser had a good title thereto and, relying on these representations and believing them to be true, plaintiff bought the land; that after making the purchase plaintiff investigated the title of Mrs. Kaiser to the Tennessee land and ascertained she did not have and never had had any title thereto. The answer was a general denial. It appears from the evidence that sometime prior to the year 1900, defendant Reitz procured a deed to the six hundred-and-forty-acre-tract of land in Tennessee, and also an abstract showing a paper title in himself; that he conveyed the land to defendant Kaiser, who is his sister, and afterwards Reitz, acting for Mrs. Kaiser, traded the land to plaintiff for a farm of two hundred acres near the town of St. James, in Phelps county, Missouri. This farm was incumbered by a mortgage for $2,750, and was estimated by the witnesses to be worth from two thousand to thirty-five hundred dollars. The evidence tends to show that the Tennessee land, on account of

the loose manner in which locations of public lands in that State were formerly made, had been located and re-located and conveyed at different times by the State to different persons, who had located the same; it also appears that the land had been occupied by actual settlers for many years prior to 1900, and it further appears that by virtue of certain Tennessee statutes, these settlers acquired title by reason of their long occupation under a claim of title. Plaintiff lived in Boynton, in the State of Arkansas, Reitz in the town of St. James, and his sister in the city of St. Louis. Reitz wrote plaintiff making a proposition to exchange the Tennessee land for plaintiff's Phelps county farm, representing the land to be worth five or six thousand dollars, and that it was underlaid with coal and covered with pine timber. Plaintiff refused to make the trade unless he was assured the title to the Tennessee land was good. Reitz replied that he had once owned the land himself and knew Mrs. Kaiser's title was good. On this assurance plaintiff agreed to make the exchange, but Reitz wrote him that Mrs. Kaiser would only pay one-half of his commission and plaintiff would have to pay the other half ($112.50). Plaintiff agreed to this and there was an exchange of deeds and plaintiff paid or has since paid the $112.50. The evidence tends to show that plaintiff lost his Tennessee land for the reason Mrs. Kaiser, nor those under whom she claimed title had, or ever had, title to the land. To prove the laws of the State of Tennessee, plaintiff, over the objections of defendants, read from R. T. Shannon's Ann. Code of Tennessee, sections of the Tennessee statutes with reference to the statute of limitations and statutes declaring what constituted champerty. The admission of this Code is assigned as error.

1. Section 3089, Revised Statutes 1899, provides that "printed volumes, purporting to contain the laws of a sister State or territory, shall be admitted as prima-facie evidence of the statutes of such State or territory."

In Frick Co. v. Marshall, 86 Mo. App. 463, Brightly's Purdon's Digest of the Laws of Pennsylvania from 1700 to 1883 was given in evidence; for the reason it did not purport to be the laws of Pennsylvania, published by authority or direction of the State of Pennsylvania, it was contended the book was not admissible in evidence. On this contention the court at pages 470-471, said, "If it purported to contain, as we must presume it did, the laws of such State, it need not purport to have been printed under State authority." Substantially the same ruling was made in Cummings v. Brown, 31 Mo. 309; Glenn v. Hunt, 120 Mo. 330, 25 S. W. 181; Williams v. Williams, 53 Mo. App. 617. We have no doubt that under this statute, as construed by the foregoing decisions, Shannon's Code was admissible in evidence.

2. For the reason the evidence does not show affirmatively that Reitz did not know Mrs. Kaiser had no title to the land, it is contended that plaintiff failed to prove fraud. In Hamlin v. Abell, 120 Mo. l. c. 203, 25 S. W. 516, the Supreme Court approvingly quoted the following from Converse v. Blumrich, 14 Mich. 109, in which case it was urged, as in the Hamlin case, that defendant believed the representations which were untrue to be correct; but Judge Cooley said: "The legal aspect of the case would not be different if we came to that conclusion, since the courts must look at the effect of untrue statements upon the person to whom they are made, rather than to the corrupt motive of the one making them. If one obtains the property of another by means of untrue statements, though in ignorance of their falsity, he must be held responsible as for a legal fraud," citing Ainslie v. Medlycott, 9 Ves. 21; Taylor v. Ashton, 11 M. & W. 401; Smith v. Richards, 13 Pet. 26; Lockridge v. Foster, 4 Scam. 569; Smith v. Babcock, 2 Wood. & M. 246; Tuthill v. Babcock, 2 Wood. & M. 298. See also, Totten v. Burhans, 51 N. W. (Mich.)

1119. On the succeeding page the court approvingly quoted the following from the syllabus in Knappen v. Freeman, 47 Minn. 491: "When a party in making a contract makes an affirmation positive in form, it is to be taken as made as of his own knowledge, and not as upon information or belief." And quoted the following from the opinion of Ch. J. GILFILLIAN: "The representations . . . were positive in form, not as upon opinion or belief or as upon information. The defendant had a right to suppose they were made to him as upon knowledge of the facts. An unqualified affirmation amounts to an affirmation as of one's own knowledge. Where one makes, as of his own knowledge, a false representation, not knowing whether it was true or false, it is a fraud as much as though he knew it to be false."

Plaintiff testified he wrote Reitz he would not make the trade unless the title was all right, and Reitz replied that he had owned the land himself and knew the title was good. This was an assertion of positive knowledge and, if untrue, was legal fraud, notwithstanding Reitz may have acted in good faith and believed the title to be good.

3. Error is assigned in the giving of the following instruction for plaintiff:

"The court instructs the jury that if you believe and find from the evidence that the 640 acres of land in Fentress county, Tennessee, at the time the conveyance of the land was made to the plaintiff, J. W. White, by the defendant, M. Kaiser, if you find and believe said conveyance was made, was in possession of, and was claimed by parties adversely to the defendant, M. Kaiser, then and in that event, if you so find, the said conveyance from M. Kaiser to J. W. White, if you find the same was made, conveyed no title to the plaintiff in this case, and was void, under and by virtue of the champerty act of the State of Tennessee, and if you

further find that the defendant, V. W. Reitz, at the time of said sale, represented to plaintiff that M. Kaiser had a good title to said land, you will find the issues for the plaintiff."

It would have been proper for the court to have submitted to the jury to find whether or not the sections read from Shannon's Code were the laws of Tennessee, but it was not proper to leave it to the jury to interpret those sections and apply them to the facts in the case as was done by the instruction. It was the duty of the court to have interpreted the sections read in evidence to the jury. The instruction is also erroneous in that it authorizes a recovery if the jury found Mrs. Kaiser's title was not good but Reitz represented it to be good. The instructions entirely ignored the question of fraud in the making of the representations in respect to title by Reitz. Fraud was the gist of the action and to ignore it in the instruction purporting to cover the whole case was clearly erroneous, for which error the judgment is reversed and the cause remanded. All concur.